William J. Doyle and James A. Doyle, Defendants in Error, v. John P. Considine, Plaintiff in Error.

Gen. No. 20,732.

1. BILLS AND NOTES, § 334*—*when indorsee may sue in own name.* A suit may be brought in his own name on a promissory note by an indorsee who received it in due course, for value and before maturity.

2. BILLS AND NOTES, § 118*—*when reference to collateral agreement does not affect negotiability.* A promissory note containing the statement, "This note is given in accordance with a land contract of even date between B and C," is negotiable within the meaning of the Negotiable Instruments Act (Hurd's Rev. St., ch. 98, sec. 21, J. & A. ¶ 7642), which provides that a "promise to pay is unconditional

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

within the meaning of this act though coupled with * * * a statement of the transaction which gives rise to the instrument," and an action may be maintained thereon by any holder in due course.

3. BILLS AND NOTES, § 431*—*when evidence of collateral agreement inadmissible.* If a note be negotiable, evidence of the contract which gave rise to the note is incompetent although a reference be made thereto in the body of the instrument.

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 15, 1915.

C. S. O'MEARA, for plaintiff in error.

THOMAS B. LANTRY, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

In a suit on a promissory note, plaintiffs had judgment for $696.76, which defendant says should be reversed because (1) the suit can only be brought in the name of E. H. Bauch, the original payee, and (2) as the note contains a reference to a "land contract" it is not a negotiable instrument; and also it was error not to permit defendant to show what was done under this contract.

As to the first point, the note was indorsed by Bauch and plaintiffs received it in due course before maturity for value; hence they properly could bring suit.

As to the second point, the note says: "This note is given in accordance with a land contract of even date herewith between E. H. Bauch and J. P. Considine." By the Negotiable Instruments Act, ch. 98, sec. 21 (J. & A. ¶ 7642), it is provided that a "promise to pay is unconditional within the meaning of this act, though coupled with * * * a statement of the transaction which gives rise to the instrument." That is this case, and the instrument is negotiable, and an inquiry into the contract was incompetent. The judgment is affirmed.

*Affirmed.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.