# Edward T. Page, Appellee, v. Stanley W. Wooster, Appellant.

## Gen. No. 24,178.

1. BILLS AND NOTES, § 12*—*what promises must not be included in notes.* Under section 5 of the Negotiable Instruments Act (J. & A. ¶ 7644), relating to the requirements as to negotiable instruments, other promises than to pay money except as therein provided must not be included, and section 3 (J. & A. ¶ 7642), providing that a statement of the transaction which gives rise to the instrument may appear thereon without destroying its negotiable character, does not conflict with or control section 5.

2. BILLS AND NOTES, § 12*—*what not promissory note.* An instrument calling for the payment of money, but designated as a subscription, and signed by the maker, and by which the maker acknowledges a subscription for a scholarship in a certain school, promises to meet certain requirements as to studying, and agrees that the delivery to him of the scholarship, which is a separate document, but was executed at the same time as such instrument, constitutes the acceptance of the subscription, and that the subscription is not subject to cancellation, and containing pictures tending to mislead the signer as to the character of the instrument, is not a promissory note but a special contract.

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed. Opinion filed February 11, 1919. Rehearing denied February 18, 1919.

EDWARD J. KELLEY, for appellant.

CLARENCE A. SAMUEL, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Defendant appeals from a judgment for the plaintiff entered by the Municipal Court upon the verdict of a jury. The plaintiff in his statement of claim alleges that he is the owner of a certain promissory note

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

made and delivered by the defendant dated April 18, 1914, for the sum of $100, payable to the plaintiff or his order in instalments; that in and by said note it was provided that if default is made in the payment of any one of said instalments when the same became due, the unpaid balance should at once become due and payable; that defendant made default and that all of the principal of said note except $9 remains unpaid.

No affidavit of merits was filed or required in this class of cases under the rules of the Municipal Court.

The plaintiff offered in evidence a document characterized as a "promissory note." The writing designates itself "a subscription." It begins with a warning not to sign without reading it. It contains addresses of the offices of the Page-Davis School in New York, London, Melbourne and Paris. It is set out in full in the abstract, covering several pages. It is signed by the defendant under seal and purports to be "Accepted by Page-Davis Co., Edward T. Page, Pres." Towards the center of this document we find language which, if it stood alone, would, we think, constitute a promissory note to the order of plaintiff as set forth in his statement of claim. The language of the alleged note blends harmoniously with the context. To the right of it appears the picture of a gentleman who is designated "The World's First Advertising Instructor." To the left is a representation of a gold medallion upon which appears the stars and stripes, the colors of France and the Union Jack. If the document is a promissory note it seems well designed to lead one to sign without knowledge of that fact. This document was received in evidence without preliminary proof over the objection of the plaintiff, and defendant rested his case. A motion of defendant for a directed verdict was refused.

The document in question is too long to be set forth in this opinion. In addition to the promise to pay money to the order of plaintiff, the maker acknowledges a subscription for a scholarship in the "Page-

Davis School''; promises to study 2 hours per week, if not prevented; to begin studying as soon as he receives the first instruction papers, or within 2 days thereafter; agrees that the delivery to him of the scholarship constitutes the acceptance of the subscription; that the subscription is not subject to cancellation; and that Edward T. Page shall not be required to refund any part of the money paid for said scholarship. Many other promises by both the parties appear in the writing. The ''scholarship'' to which it refers was executed at the same time. It is in evidence as a separate document.

In the trial the court ruled the document was a promissory note and instructed the jury on that theory.

Appellant makes the point that the instrument offered and received in evidence is not a promissory note. Appellee contends that it is and relies upon *Page v. Suender*, 210 Ill. App. 208. We find, however, that only one of the parties to the record appeared in that case in the Appellate Court; that the instrument claimed to be a promissory note was imperfectly abstracted, and the points raised here were not there presented.

Section 5 of the Negotiable Instruments Act (Hurd's Rev. St. ch. 98, page 1781, J. & A. ¶ 7644) provides: ''An instrument which contains an order or promise to do an act in addition to the payment of money is not negotiable under this act. But the negotiable character of an instrument otherwise negotiable is not affected by a provision which:

''1. Authorizes the sale of collateral securities in case the instrument be not paid at maturity; or

''2. Authorizes a confession of judgment; or

''3. Waives the benefit of any law intended for the advantage or protection of the obligator; or

''4. Gives the holder an election to require something to be done in lieu of payment of money.

''But nothing in this section shall validate any pro-

vision or stipulation otherwise illegal or authorize the waiver of exemptions from execution.''

Irrespective of that act it is the general rule, as we understand it, that it is essential to the negotiability of a bill or note that it purport to be only for the payment of money, and that the order to pay must not be coupled with other or non-negotiable stipulations between the parties. If other agreement of a different character is ingrafted upon it, it becomes a special contract and thereby loses its character as a commercial instrument. Daniel on Negotiable Instruments (6th Ed.), vol. 1, p. 79; American & English Encyc. of Law, vol. 4, p. 124. It is true, as appellant points out, that under the provisions of section 3 of our Negotiable Instruments Act (J. & A. ¶ 7642), a statement of the transaction which gives rise to the instrument may appear thereon without destroying its negotiable character. *Doyle v. Considine*, 195 Ill. App. 311. This does not conflict with or control the provisions of section 5 that *other promises* than to pay money except as therein provided must not be included. If they are included, the instrument becomes a special contract between the parties executing it.

We hold the instrument here sued on is not a promissory note within the meaning of the statute, and hence the evidence had no tendency to support the statement of claim. The instrument was a special contract between the defendant and Page-Davis Company and not a mere promissory note to plaintiff. He cannot recover on it as such. The evidence is insufficient to sustain the statement of claim or support the judgment.

It will be reversed.

*Reversed.*