## Midwest Collection Bureau, Appellant, v. Frank R. Greenwald, Appellee.

### Gen. No. 24,958.

1. BILLS AND NOTES, § 102*—*what does not destroy negotiability of note.* Where a writing in the form of a promissory note forms part of an instrument containing other conditions and stipulations, its character as a negotiable promissory note is not thereby necessarily destroyed.

2. BILLS AND NOTES, § 102*—*when instrument not negotiable note.* An instrument containing a promise to pay a named party, or to his order, a stated sum in monthly instalments, and underneath in much smaller type numerous provisions relating to a correspondence course, constituted a special contract, and was not a negotiable promissory note, and a prima facie case was not made in an action thereon by a subsequent holder, by merely introducing the instrument in evidence and proving its execution.

3. BILLS AND NOTES, § 102*—*when instrument not negotiable note.* Under Hurd's Rev. St. ch. 98, sec. 5, page 1781 (J. & A. ¶ 7644), providing that an instrument containing an order or promise to do an act in addition to the payment of money is not negotiable under the act, the instrument in question which, in addition to its promise to pay money, contained involved provisions relating to a correspondence course, was not a negotiable instrument.

Appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed June 16, 1919.

CLARENCE A. SAMUEL, for appellant.

JULIAN C. RYER, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

This is an undefended appeal from a judgment in favor of the defendant in an action brought in the Municipal Court of Chicago against defendant to recover on a written instrument executed by him on March 10, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The instrument contains, among other things, a promise on the part of defendant to pay Edward T. Page or his order the sum of $110 in monthly instalments of $5 each. Page indorsed the instrument and delivered it to plaintiff. The document which constitutes the basis of plaintiff's claim is an elaborately worded instrument and is well calculated, even if not so intended, to mislead one of ordinary intelligence as to its real meaning and legal effect.

It is insisted that the instrument is essentially a promissory note and that plaintiff became the legal owner and holder thereof in due course. The instrument on its face consists of a page about 9 by 10 inches of closely printed matter, a part of which is as follows:

"I hereby subscribe for and acknowledge the receipt of a scholarship in the Page-Davis School covering a correspondence course in advertising and I promise to pay to Edward T. Page or his order the sum of One Hundred and Ten Dollars in the following manner: Five Dollars on the 1st day of April, 1915, and Five Dollars on the 1st day of May, 1915, and Five Dollars on the 1st day of each month thereafter until the amount of One Hundred and Ten Dollars is fully paid. I agree to study two hours each week, provided that I am not prevented from so doing by causes beyond my control, and I agree to begin studying as soon as I have received the first instruction papers, or within two days thereafter. It is agreed that the delivery to me of the said scholarship constitutes the acceptance of this subscription by Edward T. Page at his office in Chicago, Illinois, and that this subscription is not subject to cancellation and that he shall not be required to refund any part of the money paid for said scholarship which entitles me to all the benefits of the school's instruction in advertising (and correct English if necessary), for five years from date."

Beneath the above is set out, in much smaller type,

numerous provisions, among which it is specified that said price includes all charges for instructions, etc.; that the number of lessons in advertising to be furnished to defendant under the contract would not affect the plan of payment, except that the Page-Davis School was to continue the instruction of defendant even after the last payment due was made and until he became qualified for a final examination; that the United States Postal Service was to be defendant's agent for the transmission of lessons to and from the school; and this finely printed part of the instrument contains a drastic provision which permitted a judgment by confession in favor of the holder of the instrument for any amount due thereunder.

In an affidavit of merits filed by the defendant it is charged that defendant had never received any service or benefit whatsoever from or under the instrument; that the blanks therein were filled in and the amounts inserted therein without the knowledge or consent of the defendant.

For the plaintiff it is insisted that the defendant by executing the instrument unconditionally promised to pay the amount named therein to the person specified therein at fixed and certain future times; that section 183 of chapter 98 of the Negotiable Instruments Act (J. & A. ¶ 7823) provides:

"A negotiable promissory note, within the meaning of this act, is an unconditional promise in writing, made by one person to another, signed by the maker, engaging to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer."

It is also insisted that under other sections of this act the instrument is to be regarded as an unqualified and unconditional promise to pay the sums mentioned therein.

The single question which we have to determine here is whether the instrument on its face is to be regarded

as a negotiable promissory note. The only evidence in the record shows that the instrument was executed by the defendant and was indorsed and delivered by Page to the plaintiff. It may be conceded that where a writing in the form of a promissory note forms part of an instrument containing other conditions and stipulations, its character as a negotiable promissory note is not thereby necessarily destroyed:

In the case of *Page v. Wooster*, 213 Ill. App. 239, the First Branch of this court had before it for construction an instrument identical, except as to the name of the signer, with the one under consideration here. In deciding that case, Mr. Justice Matchett, who delivered the opinion of the court, said:

"It is a general rule, as we understand it, that it is essential to the negotiability of a bill or note that it purport to be only for the payment of money, and that the order to pay must not be coupled with other or non-negotiable stipulations between the parties. If other agreement of a different character is ingrafted upon it, it becomes a special contract and thereby loses its character as a commercial instrument. Daniel on Negotiable Instruments (6th Ed.), vol. 1, p. 79; American & Eng. Encyc. of Law, vol. 4, p. 124. It is true, as appellant points out, that under the provisions of section 3 of our Negotiable Instruments Act [J. & A. ¶ 7642], a statement of the transaction which gives rise to the instrument may appear thereon without destroying its negotiable character. *Doyle v. Considine*, 195 Ill. App. 311. This does not conflict with or control the provision of section 5 [J. & A. ¶ 7644], that other promises than to pay money except as therein provided must not be included. If they are included, the instrument becomes a special contract between the parties executing it."

We are inclined to agree with what is said in the opinion quoted from. The instrument in question is too long to be set out here in full. It is sufficient,

however, to say of it that it is well calculated to deceive any person who might become a party thereto. From the whole context of the instrument it is perfectly clear that the Page-Davis Company, which appears on the face of the instrument to operate the Page-Davis School, intended by the instrument to bind itself to render certain instructions to the defendant. It is evident that the instrument is so drawn as that a basis might be laid for the contention that the instrument on its face constitutes a mere unilateral promise for the payment of money. Placed inconspicuously in fine print in the lower left-hand corner of the instrument is the following:

"It is distinctly understood that the said Scholarship entitles the subscriber to instruction and not to a set number of lesson sheets."

It is our opinion that the instrument constitutes a special contract; that it is not a negotiable promissory note.

In the statement of claim filed by the plaintiff it is alleged that Edward T. Page indorsed and delivered the instrument to plaintiff, who became a bona fide owner and holder thereof, and that defendant had made default in the payments due and that all of the principal of said note remains wholly unpaid.

The affidavit of defense sets up that defendant had never received a scholarship from the Page-Davis School nor any correspondence course in advertising; that the plaintiff had taken the alleged promissory note after maturity.

Section 5 of chapter 98, Hurd's Rev. St., page 1781, Negotiable Instruments Act (J. & A. ¶ 7644), provides:

"An instrument which contains an order or promise to do an act in addition to the payment of money is not negotiable under this act."

While it has been said that superadded agreements which do not impair the certainty of a promise to pay

a given sum, but only facilitate the means of its collection, will not in any degree destroy the negotiability of the instrument, that principle can have no application to the instant case for here the very volume, form and even the vagueness of the instrument itself stamp it as something other than a negotiable promissory note. Daniel on Negotiable Instruments (6th Ed.), pages 79 and 80.

Holding, as we do, that the instrument in question was a special contract, the plaintiff did not establish a prima facie case by merely introducing the instrument in evidence and proving its execution. The judgment of the Municipal Court will be affirmed.

*Affirmed.*