National Bond & Investment Company, Appellant, v. Henry Lanners, Appellee.*

Gen. No. 32,722.

* The opinion in this case which was originally published as an abstract in 250 Ill. App. 648, is now, by the court's direction, reported in full.

Opinion filed November 27, 1928.

JOHN W. CREEKMUR and D. E. HOOPINGARNER, for appellant; CYNTHIA R. KELLY, of counsel.

O'CONNELL, HERR & ARVEY, for appellee; CLARENCE A. SAMUEL, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal by the plaintiff, National Bond & Investment Company, a corporation, from a judgment

of the municipal court of Chicago in favor of the defendant, Henry Lanners.

On a promissory note, the plaintiff obtained a judgment by confession against the defendant for the sum of $1,259.34. Thereafter the defendant moved to have the judgment vacated and set aside and filed an affidavit in support of the motion. Plaintiff filed its counter-affidavit and the court entered an order that the judgment be opened and leave given the defendant to appear and defend the suit. Subsequently, per order of court, the defendant filed an affidavit of merits that averred (*inter alia*) that at the time the defendant executed the said note there was attached to it a conditional sales contract, that the plaintiff detached the contract without the authority, knowledge or consent of the defendant and that the note was thereby materially altered, and that the judgment entered upon the same was void; that the note and contract were executed by the defendant in consideration of the purchase by him of an automobile from the Highland Park Auto Sales Company; that the automobile delivered to the defendant under the terms of the contract was defective and that the defendant, within a reasonable time, returned it to the Sales Company; that the latter promised to replace defective parts in the automobile and that it failed and neglected so to do and never returned the automobile to the defendant, and that there was therefore a total failure of consideration for the execution of the note and contract. In the plaintiff's statement of claim no mention is made of the conditional sales contract.

The cause was tried before the court without a jury and the issues were found against the plaintiff, and a judgment was entered that the judgment in favor of the plaintiff and against the defendant be vacated and set aside and that the plaintiff take nothing by its suit and that the defendant have and recover of the plaintiff his costs.

The plaintiff is engaged in the business of buying from authorized automobile dealers promissory notes obtained by it from purchasers of cars on the instalment plan. These notes are secured by mortgages and conditional sales contracts. On July 19, 1927, the plaintiff bought from the Highland Park Auto Sales Company the promissory note in question. It reads as follows:

"Illinois Conditional Sale Contract Note

R & L

$1144.86 Highland Park Auto Sales, Illinois, July 19, 1927.

"For value received I promise to pay to the order of Highland Park Auto Sales (Seller) Eleven hundred forty-four 86/100 Dollars ($1144.86) at office of National Bond & Investment Co., 160 North LaSalle Street, Chicago, Illinois, in installments as follows, viz.: Sixty-three 61/100 Dollars ($63.61) on the 19 day of August, 1927 and a like amount on the 19 day of each month thereafter until the entire sum is paid, together with interest thereon at the rate of seven per cent per annum after maturity until paid.

"And the undersigned and each of them hereby authorize irrevocably any Attorney of any Court of Record to appear for the undersigned and each or any of them in such Court in term time or vacation after any installments of this note becomes due, and confess a judgment without process in favor of the holder hereof, for the amount then due hereon, together with costs of suit and 10% attorney's fees and to release and waive all errors that may intervene and consent to immediate execution thereon.

"The endorsers and guarantors hereon hereby severally waive presentment for payment, notice of nonpayment, protest, and notice of protest, and diligence in bringing suit against any party hereto, and consent that time of payment may be extended after maturity from time to time without notice thereof.

"This note is given in conformity with the provisions of a conditional sale contract executed by the maker of this note on the date hereof.

L 48828

Mail Address Waukegan Rd. Box 197A
Town Lake Forest, Ill.        Illinois

Henry Lanners
(Purchaser)
Lanners
(Purchaser)

(R & L Time Payment Plan) 13.Nio. 13"

At the time of the execution of the note there was attached to the same the following contract:

"Illinois Conditional Sale Contract

Original Only—Not to be
Acknowledged or Recorded
Send to National Bond &
Investment Company

R & L

In Consideration of the sum of Four hundred Sixty-nine Dollars ($469.00), (Down Payment) in hand paid on the date hereof by Henry Lanners (Purchaser) of Waukegan Road, Lake Forest, Lake County, Illinois, Purchaser, and the further sum of Eleven hundred forty-four 86/100 Dollars ($1144.86) to be paid as hereinafter specified, Highland Park Auto Sales (Seller) of 111 No. St. Johns Street, Highland Park, Lake County, Illinois, Seller, agrees to sell and deliver to the Purchaser the following described property, to-wit:

Make of Automobile, Oakland; Model; Year, 27; Motor Number, L-168005; Serial Number, 166472-54; Cylinders, 6; Type of Body, Landow

"Said Purchaser agrees to make said deferred payments in accordance with the terms of a certain promissory note of the face value of Eleven hundred forty-four 86/100 Dollars ($1144.86) of even date herewith

executed by said Purchaser and made payable to the Seller in monthly installments, beginning one month after the date hereof.

"To induce the seller to deliver possession of said car to the purchaser, the purchaser hereby agrees, convenants and warrants as follows, viz.:

"(1) The title to the above described automobile shall not pass to the Purchaser until all installments of said note are paid in full and until such payments shall have been made, said automobile shall remain the property of the Seller. Said automobile shall not be sold by the Purchaser or taken out of the State of Illinois, without the written consent of the Seller until all of the payments shall have been made and title vested in the Purchaser.

"(2) The Purchaser shall keep all the taxes and legal assessments against said automobile paid, and he shall not use or permit said automobile to be used for or in connection with the transportation, sale, barter, or gift of intoxicating liquor or other substance in violation of any law or ordinance, State, Federal or Municipal.

"(3) If the Purchaser fails to make the aforesaid payments when due, or to observe or perform any of the conditions and agreements herein by the Purchaser to be observed or performed, or if the Purchaser shall be adjudged a bankrupt or if a receiver shall be appointed for the Purchaser's business or property, or if the Purchaser shall make an assignment for the benefit of creditors, or if said automobile shall be stolen, or damaged by accident, fire or otherwise, or wrongfully disposed of by the Purchaser, or if the Seller shall feel insecure or fear removal of said automobile, then the Seller, at his option (1) may declare the entire sum remaining unpaid hereunder to be immediately due and payable, and elect to sue for the amount due, thereby vesting the absolute title of said automobile in the

Purchaser; or (2) the Seller may enter, with or without legal process, and using such force as may be necessary, into or upon the premises where the said automobile may be or is believed to be, and take possession thereof and thereafter hold it absolutely free from all claims from the Purchaser, and retain all payments made by the Purchaser hereunder as and for reasonable rental of said automobile and for the use, wear and tear thereof.

"It is expressly agreed that this contract shall not be countermanded, that it covers all agreements between the parties relative to this transaction, and that all the terms and conditions of this contract shall apply to and be binding upon the Purchaser and the personal representatives, successors and assigns of the Purchaser, and shall inure to the benefit of said Seller, and to the personal representatives, successors and assigns of said Seller. The execution of said note shall be conclusive proof of the delivery of said automobile to said Purchaser.

Executed and delivered this
19th day of July, 1927

Highland Park Auto Sales (Seal)
(Seller)

By Fred Zehn      L48828
President

Signed, sealed and delivered   Henry Lanners (Seal)
in presence of:            (Purchaser)

......................
(Witness)                (Seal)

........................    (Purchaser)
(Witness)

36                      13.Col.13

(R & L Time Payment Plan)"

The promissory note and the contract were printed on the same sheet of paper, the promissory note appearing below the sale contract, and between the note and the contract there was a perforated line across the

sheet. It is undisputed that the plaintiff purchased the note from the Sales Company on July 19, 1927, and that it had no notice of any agreement or understanding existing between the defendant and the Sales Company save that set out in the promissory note and the conditional sales contract. The contract was also sold and assigned to the plaintiff by the Sales Company. No payments were ever made by the defendant on the note and the car was not repossessed by the plaintiff.

The defendant, over the objection of the plaintiff, testified that after he received the car from the Sales Company he discovered defects in it and in August, 1927, he called the attention of the Sales Company to the defects and left the car with that company with the statement: "Take it back and bring me a new car or put that engine in good shape," and that the Sales Company received the car and gave him a receipt for it; that he never received the car back from that company; that on August 8 he received a letter from the Sales Company informing him that the car had been placed in the Highland Park garage at his expense; that he had made no payments on either the note or the contract and that he did not intend to do so until he got his car from the Sales Company. It is not contended that the plaintiff had any notice of the claimed imperfections of the car or of any dealings or agreements between the defendant and the Sales Company subsequent to the execution of the note and contract. The evidence, to which objection was made, was admitted by the trial court on the theory that the note and conditional sales contract formed one contract, and that the note was not a negotiable instrument and that therefore the defendant had the right to show, even as to the plaintiff in the instant case, that there was a failure of consideration.

The contention of the defendant is "that the note and conditional sales contract having been executed at the same time, must be construed together and con-

sidered as forming but one contract and was, therefore, not a negotiable instrument, but a special contract.'' The defendant also contends that the plaintiff, by detaching the conditional sales contract from the note, without the knowledge, authority or consent of the defendant, materially changed the legal effect of the note and thereby vitiated it.

The claim of the plaintiff is that the promissory note in question is a negotiable instrument whether it be considered alone or as though the conditional sales contract was still attached to it and that the court erred in admitting, over its objection, the evidence as to the alleged want of consideration for the note; that under the competent facts and the law the trial court should have found the issues for the plaintiff, and that the court erred in finding the issues for the defendant and in entering judgment thereon, and it asks that the judgment of the trial court be reversed and that judgment for the plaintiff be entered in this court for $1,259.34.

In the instant case the question as to whether the note in question is negotiable or not must be determined by an examination of the note itself. (See *Continental Guaranty Corp. v. People's Bus Line* (Del.), 117 Atl. 275; *International Finance Co. v. Northwestern Drug Co.*, 282 Fed. 920.) As stated in the last-mentioned case, a departure from this rule would throw the whole law of commercial paper into confusion.

If the promissory note in question is negotiable in form it is not rendered non-negotiable merely because it was printed on the same sheet as the contract. (See *Morgan v. Mulcahey* (Kan.), 298 S. W. 242, 244.) In such a case each is to be considered and interpreted as a complete entity. The part constituting a promissory note is governed by the Negotiable Instrument Act, Cahill's St. ch. 98, ¶ 21 *et seq.*, and the other by the

laws that apply to it. The form used by the Sales Company in the present case seems to be a common one in transactions of this character and it will be noted that a perforated line ran between the sales contract and the note. This fact indicates that the manner in which the note and the sales contract were printed was merely a matter of convenience, and that the intent was that the note and the sales contract might be separated.

The question for our decision is whether or not the instrument sued upon is a negotiable note within the meaning of paragraph 21 of the Negotiable Instrument Act, Cahill's St. ch. 98, of this State. This provision reads in part: "An instrument payable in money, to be negotiated, must . . . contain an unconditional promise or order to pay a sum certain in money." The defendant contends that the words: "This note is given in conformity with the provisions of a conditional sale contract executed by the maker of this note on the date hereof," in the body of the note, made the payment of the same conditional upon the terms of the sale contract and that the negotiable character of the note was thereby destroyed. In *Continental Guaranty Corp. v. People's Bus Line, supra,* the court cites a number of cases in which it has been held that like words in a note would not render it non-negotiable. (See also *Doyle v. Considine,* 195 Ill. App. 311; *Weber v. Keith Ry. Equipment Co.,* 248 Ill. App. 258; *Standard Trust & Sav. Bank v. Cherry,* 249 Ill. App. 653.) Moreover, section 3 of paragraph 23 of the Negotiable Instrument Act, Cahill's St. ch. 98, ¶ 23, provides that "an unqualified order or promise to pay is unconditional within the meaning of this Act, though coupled with . . . 2. A statement of the transaction which gives rise to the instrument."

In support of his contention that the note in question was not a negotiable instrument the defendant

cites *Page v. Wooster,* 213 Ill. App. 239, and *Midwest Collection Bureau v. Greenwald,* 214 Ill. App. 468. The form of the alleged promissory note is the same in these cases and it is clear from a reading of the opinions filed therein that the cases, because of the character of the instruments involved, can have no weight in the decision of the instant contention.

In our opinion the words in the note upon which the defendant relies in support of his present contention, refer merely to the transaction out of which the note arose, and they do not modify nor make uncertain the negotiable character of the note.

The defendant contends that the plaintiff by detaching the conditional sale contract from the note, without the knowledge, authority or consent of the defendant, gave the note a different legal effect and thereby vitiated it. Paragraph 145, sec. 123, of the Negotiable Instrument Act, Cahill's St. ch. 98, ¶ 145, provides in part: "Where a negotiable instrument is fraudulently or materially altered by the holder without the assent of all the parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers." Paragraph 146 reads as follows: "What alterations are material.) § 124. Any alteration which changes: 1. The date. 2. The sum payable, either for principal or interest. 3. The time or place of payment. 4. The number and the relations of the parties. 5. The medium or currency in which payment is to be made. Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration." The defendant, in his argument on the present contention, utterly fails to state how he thinks the detaching of the note from the conditional sales contract fraudulently or materially altered the negotiable instrument. Disregarding the evi-

dence that tends to show that the plaintiff had the right to detach the contract from the note, nevertheless, we find nothing in the contract that modified or in any-wise made uncertain the negotiable character of the promissory note. In our judgment the note would still be a negotiable instrument if it had never been detached from the contract. The present contention of the defendant is without merit.

If we are correct in our conclusion that the note in question is a negotiable instrument, it was reversible error to admit, as between the parties to the present suit, evidence tending to show failure of consideration. That the plaintiff made out a prima facie case is not disputed, and it follows that if the plaintiff be entitled to recover, the amount of the judgment should be $1,259.34. As the defendant failed to rebut in any way by competent evidence the clear prima facie case made out by the plaintiff, the trial court, at the conclusion of all the evidence, should have found, as a matter of law, the issues for the plaintiff and assessed its damages at the sum of $1,259.34 and entered judgment thereon.

The judgment of the municipal court of Chicago is reversed, and judgment is entered in this court in favor of the plaintiff and against the defendant for $1,259.34, and the defendant will be required to pay the costs in this court.

*Reversed and judgment here.*

GRIDLEY, P. J., and BARNES, J., concur.