MARY J. ZOLLMAN, Appellant, vs. THE JACKSON TRUST AND SAVINGS BANK, Appellee.

*Opinion filed February 19, 1909.*

1. BILLS AND NOTES—*a note is negotiable though it purports to be secured by a trust deed.* The fact that a note purports on its face to be secured by mortgage or trust deed does not destroy its negotiability, since a recital in a note, in order to destroy its negotiability, must in some respect qualify the promise or make it uncertain or conditional.

2. SAME—*right to have judgment on note is independent of any lien of the mortgage.* The rule that a trust deed is not assignable so as to vest the title freed from any defense existing in favor of the maker does not apply to the negotiable note secured by such trust deed, and the legal right of an innocent purchaser thereof, before maturity, to have judgment at law upon the note is independent of the lien of the trust deed.

3. SAME—*person receiving note as collateral security is a purchaser for value.* An endorsee of a negotiable note secured by a trust deed, who receives such note before maturity, as collateral, in the usual course of trade, is a holder for value and takes it free from latent defenses existing in favor of the maker.

4. EQUITY—*when court of equity may render money decree for amount due on note.* Where the maker of a note and trust deed files a bill to set aside the trust deed as a cloud and to cancel the note, and an order is entered enjoining a suit at law upon the note, the court may, upon cross-bill asking such relief, render a money decree for the amount due the defendant as an innocent purchaser of the note before maturity, even though the prayer of the original bill is granted to the extent of setting aside the trust deed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

ERNEST SEVERY, for appellant:

There can be no innocent purchaser for value without notice of mortgage securities in this State, but the purchaser takes the same subject to equities between the original parties to the mortgage. *Olds* v. *Cummings,* 31 Ill.

188; *McAuliff* v. *Reuter,* 166 id. 491; *Buehler* v. *McCormick,* 169 id. 269; *Trust Co.* v. *Aff,* 183 id. 91; *White* v. *Sutherland,* 64 id. 181; *Gymnasium Co.* v. *Bank,* 179 id. 605; *Bank* v. *Schott,* 135 id. 655; *Thompson* v. *Shoemaker,* 68 id. 256; *Stone* v. *Palmer,* 166 id. 463; *Bouton* v. *Cameron,* 205 id. 63.

When the property of a third person is a security for the payment of a debt or obligation such property will stand in position of a surety of the debtor, and any change in the contract of a suretyship which will discharge a surety will release and discharge the property so held as collateral. *Price* v. *Bank,* 124 Ill. 324; *Bank* v. *Burns,* 46 N. Y. 170; *Compion* v. *Whitney,* 30 Minn. 177; 1 Brandt on Suretyship and Guaranty, (3d ed.) sec. 43; *Lauman, Hedges & Co.* v. *Nichols,* 15 Iowa, 165.

The holder of commercial paper as collateral has no right to compromise with the parties to the security. *Trust Co.* v. *Rigdon,* 93 Ill. 466; *Iron Co.* v. *Fire Brick Co.* 82 id. 549.

Notes having been put into circulation by fraud, the burden is on the holders of such paper to show that they are, in fact, innocent purchasers in good faith and in such a way as not to create a presumption of knowledge of its invalidity. *Bank* v. *Alexander,* 184 Ill. 419; *Trust Co.* v. *Brugger,* 196 id. 98; *Charles* v. *Renick,* 156 id. 327; *Hodson* v. *Glass Co.* 156 id. 397; *Bank* v. *Difendorf,* 25 N. E. Rep. 402.

Whenever a cross-bill seeks relief it is indispensable that it shall be equitable relief. *Tobey* v. *Foreman,* 79 Ill. 491; *Jevne* v. *Osgood,* 57 id. 347.

ADAMS & FROEHLICH, for appellee:

Notes secured by a deed of trust do not follow the trust deed but are governed by the law pertaining to negotiable instruments. *Martina* v. *Muhlke,* 186 Ill. 327; *Buehler* v. *McCormick,* 169 id. 269; *Olds* v. *Cummings,* 31 id. 108.

The cross-bill was properly entertained by the court, and the decree thereon is free from error. *Biegler* v. *Trust Co.* 164 Ill. 197; *Wehrheim* v. *Smith,* 226 id. 346; *Correll* v. *Freeman,* 29 Ill. App. 44; 16 Cyc. 333.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, Mary J. Zollman, executed a principal note for $7000, together with seven interest coupon notes, payable to her order, and endorsed the same to Henry W. Howe. To secure these notes appellant executed a trust deed to the Chicago Title and Trust Company on certain real estate owned by her. These notes and the trust deed were delivered to Henry W. Howe upon his promise to advance appellant money with which to construct a six-flat building on the premises described in the trust deed. Howe paid appellant, at the time the notes and trust deed were delivered, $18.47, which was the only money appellant received for the notes and trust deed. Howe being indebted to the Jackson Trust and Savings Bank, appellee herein, in the sum of $25,000, endorsed appellant's notes and delivered them to appellee as collateral security for his debt, and received from appellee a $10,000 note of William S. Peterson, which appellee held as collateral security, and obtained from appellee a release of a trust deed executed to secure the Peterson note. Soon after this transaction with appellee Howe committed suicide. The appellant filed a bill in equity alleging the foregoing facts, and averring that appellee had full notice, at the time it received the notes, that no consideration had been paid for them; for the purpose of removing the trust deed as a cloud upon her title, and for the cancellation and delivery of the $7000 principal note and the interest notes. Appellee answered the bill, in which it claimed to be an innocent holder of the notes for value and denied all knowledge of the transaction between appellant and Howe. In the meantime, while this chancery

suit was pending, the Jackson Trust and Savings Bank instituted an action at law in the superior court of Cook county against appellant to recover a judgment upon the notes. Upon petition of appellant an order was entered in the chancery proceeding restraining the prosecution by appellee of the action at law. The Jackson Trust and Savings Bank then filed a cross-bill in this case for the purpose of having a money decree entered in its favor against appellant for the amount due upon the notes. Upon a final hearing in the court below a decree was entered in accordance with the prayer of the original bill in so far as the trust deed is concerned. The court, however, refused appellant any relief upon the notes but granted the prayer of the cross-bill and rendered a money decree against appellant for the amount due on the notes. Appellant appealed the cause to the Appellate Court for the First District, and from a judgment affirming the decree below she has prosecuted the further appeal to this court.

The appellant contends that since the notes in question showed upon their face that they were secured by a trust deed appellee cannot be regarded as an innocent holder of such notes, and that the purchaser should be held to have notice of all facts that inquiry would have disclosed. This is a misapprehension of the effect of such recital. A recital upon a promissory note, to destroy its negotiability, must be of a kind that in some respects qualifies or makes uncertain or conditional the promise. (*Siegel, Cooper & Co.* v. *Chicago Trust and Savings Bank,* 131 Ill. 569; *Biegler* v. *Merchants' Loan and Trust Co.* 164 id. 197.) In the case last above cited it was held that a note which recited that "this note is secured by a lien upon my interest in certain horses described in agreement this day made between G. W. Leihy and myself," was nevertheless a negotiable instrument, and that a purchaser for value before maturity held such note free from any latent defenses that the maker might have against the payee.

Appellant insists next that under the law of this State there can be no innocent holder of notes secured by mortgages or trust deeds. To this we cannot assent. Ever since the case of *Olds* v. *Cummings,* 31 Ill. 188, was decided, the law has been regarded as well established in this State that mortgages and trust deeds were not assignable so as to vest the title freed from any defense which the maker had against the original mortgagee or grantee. But this rule has no application to the rights of an innocent holder of negotiable promissory notes to secure which such mortgage or trust deed is executed. The legal right to proceed upon the notes and have a judgment at law is independent of any lien created by the mortgage or trust deed. *Martina* v. *Muhlke,* 186 Ill. 327.

It is next contended by appellant that the substitution of appellant's notes for other collateral which appellee held to secure Howe's debt does not constitute appellee a purchaser for value of appellant's notes. This question has been determined by this court adversely to appellant's contention in the case of *Manning* v. *McClure,* 36 Ill. 490. In the case above cited this court, after an extended review of authorities outside of this State, laid down the rule, on page 499, as follows: "We are led, then, by what we consider the equities between the parties and by the acknowledged policy of giving stability to negotiable paper, to hold that the endorsee of such paper, before its maturity, taking it as payment or security for a pre-existing debt and without any express agreement, shall be deemed a holder for a valuable consideration in the ordinary course of trade, and shall hold it free from latent defenses on the part of the maker." This rule has been adhered to in subsquent cases. *Butters* v. *Haughwout,* 42 Ill. 18; *Doolittle* v. *Cook,* 75 id. 354; *Worcester Nat. Bank* v. *Cheeney,* 87 id. 602; *Mix* v. *National Bank of Bloomington,* 91 id. 20; *McIntire* v. *Yates,* 104 id. 491.

Appellant contends next that the court below erred in rendering a money decree against her upon appellee's cross-bill.   Her contention on this point is, that the matters set up in the cross-bill were purely legal and were therefore not cognizable in a court of equity.   Even though the matters set out in the cross-bill were purely legal, the appellant having brought appellee into equity upon matters of exclusive equitable cognizance, she cannot now be heard to question the jurisdiction of the court of equity over the matters set up by appellee in its cross-bill.   (*Quick* v. *Lemon,* 105 Ill. 578; Story's Eq. Pl. sec. 399.)   It must be borne in mind that by her original bill appellant brought these notes into question and prayed relief in respect thereto.   The cross-bill, therefore, was germane to the original bill.   Appellee, on petition of appellant, had been enjoined from the prosecution of its action at law upon the notes.   It would seem to be highly inequitable to require appellee to institute another action at law merely for the purpose of obtaining a judgment upon the notes when the court of equity had before it the proper parties and the subject matter to enable it to do complete justice between the parties.

It is finally contended by appellant that she was injured by certain compromises that were made by appellee in regard to other collateral which it held to secure Howe's indebtedness to the bank.   It is a sufficient answer to this contention to say, that if all the collateral held by appellee had been paid in full there would still have been due appellee more than it will obtain on the judgment against appellant.

We find no reversible error in the judgment of the Appellate Court.   It will accordingly be affirmed.

*Judgment affirmed.*