[Civil No. 1476.   Filed February 10, 1916.]

[154 Pac. 1040.]

## R. L. SLAUGHTER, Appellant, v. THE BANK OF BISBEE, a Corporation, Appellee.

BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—CONDITIONAL PROMISE.—
To an ordinary promissory note there was added a notation under the maker's signature, "for payment under contract of even date." Civil Code of 1913, paragraph 4146, provides that a negotiable instrument must contain an unconditional promise or order to pay a sum certain in money, while paragraph 4148 declares that there may

be inserted in a promissory note, without destroying its negotiability, a statement of the transaction which gives rise to the instrument. *Held*, that as the instrument was otherwise negotiable, the notation must be construed as a mere statement or reference to a transaction for the purpose of identification, and that the collection of the instrument was not made to depend upon the maker's performance of the contract, this being particularly true in view of the fact that the contract called for the execution of promissory notes, which are always negotiable.

[As to what is a negotiable note, see note in **Ann. Cas. 1912D, 4.**]

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

Messrs. Richardson & White, for Appellant.

Messrs. Ellinwood & Ross and Mr. S. H. Morris, for Appellee.

ROSS, C. J.—The questions presented to this court for solution are involved in the following note:

"Douglas, Arizona, April 9, 1913.

"Six months after date, for value received, we promise to pay to the order of Geo. F. Woodward, twenty-seven thousand one hundred and eighty-seven 50/100 dollars, at the Bank of Douglas, Douglas, Arizona, with interest thereon from date until paid, at the rate of six per cent. per annum; the said interest, if not so paid, to be added to and become a part of the principal, and bear the same rate of interest. And in case suit or action is instituted to collect this note or any portion thereof, we promise to pay, besides the costs and disbursements allowed by law, such additional sum as the court may adjudge reasonable as attorney's fees in such suit or action.

"W. B. SLAUGHTER.
"GEO. N. SLAUGHTER.
"R. L. SLAUGHTER.

"For payment under contract of even date."

The appellee, claiming said instrument to be a negotiable note and claiming to be the owner and holder thereof in due course, instituted this proceeding against the makers and the

payee and indorser, Geo. F. Woodward, to collect the principal amount and interest due thereon.

The only one of the defendants that appeared and filed an answer was R. L. Slaughter, one of the makers of the note. He defended the action on the ground that the note was given in consideration of the performance of a certain executory contract entered into between the makers and the payee, Woodward. It is alleged that the contract was not performed by the payee, and hence a failure of consideration for the note. The theory of the defense being that the note was a non-negotiable instrument and therefore subject to that defense, for the reason that there appears on the face of the note words that conditioned its payment, the words being: "For payment under contract of even date." The plea of failure of consideration was stricken upon the motion of appellee, the trial court holding that the note was negotiable.

It was also alleged in the answer that the appellee took the note with full notice and knowledge of the purpose for which the same was given and the consideration thereof, and of all the circumstances under which said note was made. Evidence, upon this issue made by the answer, was introduced at the trial, the appellant on his part offering, among other evidence, the contract pleaded in his answer and out of which transaction the note sued upon originated. The contract involved the purchase from Woodward by appellant and his co-makers of a ranch and cattle situated in Mexico for a consideration of $108,750, to be paid as follows, to wit:

"The sum of $27,187.50 cash, in hand paid, the receipt whereof is hereby acknowledged by the party of the first part and the further sum of $27,187.50 three months from date hereof. And the further sum of $27,187.50 six months from the date hereof, and the further sum of $27,187.50 nine months from date hereof. Each of the deferred payments being evidenced by a promissory note of even date herewith, due three months, six months and nine months from the date hereof, bearing interest at the rate of 6 per cent. per annum from date until paid. Said notes to be payable at the Bank of Douglas, in the city of Douglas, county of Cochise, state of Arizona."

The judgment being in favor of the appellee, the appellant, R. L. Slaughter, prosecutes his appeal therefrom and assigns

ten specifications of error.    We think, however, that there is
but one question involved—that is, the negotiability or non-
negotiability of the instrument sued upon.    If it is a com-
mercial paper under the law-merchant or under the negotia-
able instrument law of this state, the judgment of the lower
court must be upheld.

One of the requisites to a negotiable instrument is that "it
must contain an unconditional promise or order to pay a sum
certain in money."    Civil Code 1913, par. 4146.    The appel-
lant earnestly contends that the words, "for payment under
contract of even date" indorsed upon the note qualifies and
conditions the promise to pay and makes the obligation to
pay contingent upon the terms of the contract therein re-
ferred to.    No case has been cited by counsel, nor have we
been able to discover any, after a very thorough search, in
which language such as is here involved was passed upon or
discussed, although the books are full of cases based upon
"conditional paper, distinctly conditional in form."    Many
of such cases are cited in 7 Cyc. 575, note 82.    Also note to
*Klots Throwing Co.* v. *Manufacturers' Commercial Co.,* 179
Fed. 813, 30 L. R. A. (N. S.) 40, 103 C. C. A. 305.

It seems to us that the expression "for payment under
contract of even date" is far from being "distinctly condi-
tional."    Giving it the implication of a condition, it is at
best conjectural and misty.    The instrument is signed by the
maker, in which he promises to pay a sum certain in money
at a fixed time and payable to the order of a named person;
and the promise to pay is certainly unconditional, unless the
words in question shall be construed to qualify and make
conditional the promise.    Under the Negotiable Instrument
Act, paragraph 4148, there may be inserted in a promissory
note, without destroying its negotiability or qualifying the
promise to pay: ". . . (2) A statement of the transaction
which gives rise to the instrument."

A promissory note, therefore, is not divested of its negoti-
able character if in addition to its ordinary provisions there
is inserted a reference to the transaction out of which it
arose, or a recital of the consideration for which it was given.
The usual way to condition or to make contingent a promise
to pay is to use language clearly carrying that intention and
purpose either by direct expression or by reference to some

extrinsic contract in such manner as to make the payment
of the note subject to the terms and conditions of the con-
tract.   In 3 R. C. L. 883, section 69, the idea we have in mind
is very well expressed in this language:

"It may be stated as the general rule that wherever a bill
of exchange or promissory note contains a reference to some
extrinsic contract in such a way as to make it subject to the
terms of that contract, as distinguished from a reference
importing merely that the extrinsic agreement was the origin
of the transaction, or constitutes the consideration of the bill
or note, the negotiability of the paper is destroyed."

If it can be said that the expression "for payment under
contract of even date" fairly or reasonably means that the
note was given and its payment was to be made "subject to
the terms of the contract," therein referred to, it would fol-
low that, if the contract was executory, the payment of the
note was subject to its conditions.   There is nothing in the
language to indicate that the contract referred to was an
unexecuted contract.   From what appears in the expression
the contract may have been fully performed and executed.
It has neither subject nor predicate; it does not assert or
affirm anything—it is a mere combination of words from
which it may be inferred that a contract had been entered
into between somebody on its date.   We cannot enter into
the speculation of inserting or supplying omitted words, as
appellant would have us do, in order to give it the force and
effect of limiting and qualifying the unconditional promise
of the makers as contained in the body of the note—we must
accept the words actually used, which do not declare any-
thing, or assert anything, or affirm anything, but are a mere
allusion to or sign-post of the transaction out of which the
note originated.   It does not mean the same, as suggested by
appellant, as the expression, "this note is made subject to
contract of even date," for in the latter expression there is
carried the idea of a subsisting and unfulfilled contract, an
executory contract.

In *Klots Throwing Co.* v. *Manufacturers' Commercial Co.,*
*supra,* a note containing this language, "Value received, sub-
ject to terms of contract between maker and payee of October
25, 1905," was held to be non-negotiable, the court stating
that in its opinion "the special stipulation in the present note

limits and qualifies the obligation to pay so that it is not absolute,'' and with that conclusion we agree. It further said:

"Manifestly, if the provision 'subject to terms of contract, between maker and payee' constitutes merely a reference to the agreement or a statement of the consideration for the note, it does not impair the negotiability of the latter. So, if it merely constitutes notice of the existence of the contract, and not of the breach thereof, it would not affect negotiability.''

In that case reference to the "extrinsic agreement" was certain and unerring, and contained words qualifying the promise to pay. In the case at bar there is an absence of language to indicate that this note was to be burdened with the conditions of any agreement. At most it is a mere reference to the origin of the transaction and "constitutes notice of the existence of the contract," but "not of the breach thereof.'' We are of the opinion that the expression indorsed on the margin of the note was intended as a mere statement of or reference to the transaction for the purpose of identification, and that it did not, therefore, affect the negotiability of the note sued upon.

We are further confirmed in this view by reference to the contract. That instrument provides that the consideration for the property to be transferred to the makers of the note was to be paid in part cash and in part by promissory notes of even date, due three months, six months and nine months from date. Here is the promise of the makers of this note that it shall be a negotiable note, for all promissory notes are negotiable. Indeed, the appellant in his answer describes the instrument sued upon as "said promissory note.'' As was said by Lord Campbell, C. J., in *Jury* v. *Barker*, El. Bl. & El. 459, where the promise to pay in the note was "as per memorandum of agreement'':

"The note here is an absolute and unconditional promise as to the payer, the payee, the amount, and the date. If the addition of the words in question make the promise conditional, it is on the defendant to show that, and he has not done so.''

In the present case, the appellant not only failed to show that the promise was conditional, but actually showed that it was unconditional and unqualified, both by the contract re-

ferred to and in his answer. It further appears from the evidence that the appellee purchased the note, paying full value, within a very few days after its execution and long before any claimed breach of the executory contract attempted to be interposed in appellant's answer.

Judgment affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.