COLEMAN et al., Respondents, v. VALENTIN, Appellant.

(164 N. W. 67.)

(File No. 4124.    Opinion filed August 30, 1917.)

1. Negotiable Instruments—Recital as Given in Land Payment, Effect, as to Negotiability.

   The recital in a promissory note, that it is one of a series of notes given in payment of land "described in a contract this day executed," does not render the note non-negotiable.

2. Vendor and Purchaser—Consideration, Defense of Total Failure of—Note for Part Payment of Land—Value of Land, as Affecting Defense.

   In a suit on a promissory note given in part payment of land in connection with a contract for conveyance of the land, held, that, the evidence offered showing that, without any of the improvements contemplated by the contract (which improvements were to be made by vendors), the land was worth not less than $600., the defense of total want of consideration fails.

3. Vendor and Purchaser—Note for Land Purchase—Partial Failure of Consideration, Defense of—Offer to Rescind Sale Contract, Necessity for.

   While, where property for which a note is given is wholly worthless, rescission is not necessary to entitle maker to defend against the note, yet, under plea of partial failure of consideration, where the property is of some value, maker must, to escape liability thereon, offer to return what of value

was received in the transaction, and must rescind the purchase contract.

4. **Negotiable Instruments—Purchase Money Note—Unavailing Defense of Partial Failure of Consideration, Right to Counterclaim, as Affected by.**

In a suit on a note given for part payment of land purchase money, held, that it does not follow that, because the defense of partial failure of consideration was unavailing, a counterclaim arising out of a breach of the contract of sale may not be plead and proven by maker such right may be availed of.

5. **Pleadings—Counterclaim—"Affirmative Defense" and "Counterclaim and Recoupment" for "Whole Amount" of Note Sued on, Tenability.**

A separate answer in a suit on a note, alleging facts as an "affirmative defense, set-off, counterclaim, and recoupment," as entitling defendant to recoup and counterclaim against the note "the whole amount thereof," is, as a counterclaim, sufficient, although criticizable as varying from precedent; since the last paragraph thereof makes it apparent that defendant was seeking to avail himself of a counterclaim for damages arising from a breach of a land purchase contract, in part payment of which land the note was given; the purpose of the pleader being evident from the demand of the whole amount of the note to be set off by recoupment and counterclaim.

6. **Negotiable Instruments—Purchase Money Note—Defense Failure of Consideration—Bona Fide Indorsees, Defense as Against Them, Tenability.**

Where plaintiff were bona fide indorsees for value before maturity and without notice, of a note in suit, the maker could not plead or prove partial or total failure of consideration through breach of the contract of land purchase, in part payment of which land the note was given.

7. **Negotiable Instruments—Bona Fide Holders—Stockholders in Payee and Endorser Corporation—Subsequent Hypothecation of Note with Corporation President, Effect as to Bona Fides.**

The fact that plaintiffs in a suit on a note endorsed to them by payee corporation before due, were stockholders in the corporation, does not make them chargeable with notice or knowledge of failure of the corporation to perform its land sale contract with maker, in which transaction the note was given for part of purchase money; nor does the fact that the note was at one time hypothecated by plaintiffs with the president of the corporation, who had given plaintiffs his individual note for moneys borrowed of them for use of and used by the corporation.

Whiting, J., not sitting.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Action by W. E. Coleman and another, against Henry R. Valentin, upon a promissory note. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

*J. J. Conry,* and *Porter & Grantham,* for Appellant.

*Frank .McNulty,* for Respondents.

(3) To point three of the opinion, Respondent cited: Iowa National Bank v. Sherman, 23 S. D. 8, 119 N. W. 110.

(6) To point six of the opinion, Respondent cited: First National Bank of Morrison v. Sayer (S. D.) 153 N. W. 652.

(7) To point seven of the opinion, Appellant cited: Kipp v. Smith (Wis.) 118 N. W. 848.

SMITH, J.  The facts material and controlling upon this appeal are as follows: On November 7, 1910, the defendant, who is appellant here, entered into a contract with the Cassill Investment Company, a corporation, under which the defendant agreed to purchase and the corporation agreed to convey certain lands in Spokane county, Wash., which agreement was subject to covenants and conditions stated in the contract; purchase price of the land was $6,000, of which $1,200 was paid when the contract was executed, and the balance of $4,800 was represented by promissory notes, as follows: $300 payable May 1, 1911, $1,125 payable May 1, 1912, $1,125 payable May 1, 1913, $1,125 payable May 1, 1914, and $1,125 payable May 1, 1915. Plaintiff sues as indorsee and holder of the note of $1,125, due May 1, 1915. Under said contract the Cassill Investment Company agreed to plant, cultivate, and maintain fruit trees upon said land, and to employ an expert for said work; and to that end was given full control and use of the premises for four years, and was to own all profits arising therefrom during said time, was to cultivate said land under an irrigation process, and was to install a proper and complete plant for that purpose, which was to be in operation by May 1, 1911, and was to pipe and deliver water within the boundaries of defendant's tracts.  The Cassill Investment Company was to cultivate the land in workmanlike manner and at the proper season, and upon the expiration of four years was to deed the land to the defendant free and clear of all liens and incumbrances. The con-

tract also contains numerous conditions and provisions which are not material here. Defendant pleads as a separate defense various facts claimed to constitute a failure of consideration arising from breaches of the contract, also that at the time of the execution of the contract and notes it was represented and agreed that defendant could not be required to pay the notes if the company failed to perform the conditions of the contract, and as a separate answer reasserts all the facts, as an "affirmative defense, set-off, counterclaim, and recoupment," "by reason whereof the defendant is entitled to have offset against the said note, and entitled to recoup and counterclaim against the note sued on, the whole amount thereof." Defendant offered the testimony of various witnesses, and made offers of evidence, tending to show that the Cassill Investment Company had failed to perform the conditions contained in its contract; also certain evidence was received tending to show damages, in that the land without the improvements was worth but $600, while with the inmprovements agreed to be placed thereon it would have been worth $6,000. At the close of all the evidence plaintiff moved for a directed verdict, which was granted by the trial court. Defendant appeals from the judgment and from an order overruling motion for a new trial.

[1] It is appellant's contention that the trial court directed a verdict for plaintiff upon the theory that the undisputed evidence shows plaintiff to have been an innocent purchaser for value in due course. The note itself recites that:

"This is one of a series of notes given in payment of land described in a contract this day executed."

Such a recital does not render the note nonnegotiable. The rule is thus stated, in a note appended to the case of Klots Throwing Co. v. Mfgs. Commission Co., 30 L. R. A. (N. S.) 40:

"It may be stated as the general rule that whenever a bill of exchange or promissory note contains a reference to some extrinsic contract in such a way as to make the bill or note subject to the terms of that contract, as distinguished from a reference importing merely that the extrinsic agreement was the origin of the transaction, or constituted the consideration of the bill or note, the negotiability of the paper is destroyed."

But a recital that a note is given for part of the purchase money of a tract of land does not render the note nonnegotiable.

Hubert v. Grady, 59 Tex. 502; First National Bank v. Michael, 96 N. C. 53, 1 S. E. 855. See, also, numerous cases cited in note, 30 L. R. A. (N. S.) 43, supra.

[2] Neither the answer of the defendant nor the evidence offered is sufficient to show a failure of consideration in whole or in part. The right to a conveyance of land conferred by the contract constituted the consideration for the note sued upon, together with other notes of the series. Evidence offered by defendant himself shows that without any of the improvements contemplated by the contract the land itself is worth not less than $600. It follows that the defense of total want of consideration fails.

[3] Where the property for which a note is given is entirely worthless, no rescission is necessary to entitle the maker to defend against a note for the purchase price. But upon a defense by way of partial failure of consideration, where property or other consideration is of some value, it is incumbent upon the maker of the note, if he desires to escape liability thereon, to offer to return anything of value received in the transaction, and to rescind the contract which constitutes the consideration for the note. In this case no rescission, or attempted rescission, of the contract which was the consideration for the notes is alleged or shown. The defense of a partial failure of consideration therefore fails. National Bank v. Sherman, 23 S. D. 8, 119 N. W. 1010.

[4, 5, 6] It does not follow, however, that an attempted defense by way of a partial failure of consideration defeats the right of the maker of a note given in consideration of an executory contract to plead and prove a defense by way of counterclaim arising out of a breach of the contract. National Bank v. Mailloux, 27 S. D. 543, 132 N. W. 168. An examination of the last paragraph of defendant's answer makes it apparent that defendant was attempting to avail himself of a counterclaim for damages arising from a breach of contract. The attempted pleading of such counterclaim is justly criticized by respondent's counsel as without precedent as to form, but the purpose of the pleader is evident from the fact that he demands the whole amount of the note to be set off by way of recoupment and counterclaim, against plaintiff's cause of action. But, even though demurrable, such a pleading is amendable, and requires no further consideration upon this appeal. If, however, the plaintiffs are bona fide indorsees of

the note for value, before maturity, and without notice, none of these defenses is available.

[7] It is appellant's contention that plaintiffs are not bona fide holders, for the reason that they were stockholders · in the Cassill Investment Company, and by reason of that fact are charged with knowledge that sales of real estate made by the corporation were made upon the contract involved in this case, and with knowledge of the failure of the corporation to fulfill the terms and conditions thereof. It is sufficient to say that stockholders, merely as such, are not chargeable with any such knowledge. Appellant's contention upon this proposition is founded upon the case of Kipp v. Smith, 137 Wis. 234, 118 N. W. 848, which holds that one who takes in payment of a private debt the note of a corporation executed by its debtor as an officer of the corporation is charged with notice of defects in its execution. This rule is not applicable in this case. The record shows that in 1910, C. H. Cassill, president of the Cassill Investment Company, borrowed from plaintiffs for the use of the corporation certain moneys which were received by the corporation, and for which money Mr. Cassill executed his individual note to plaintiffs; that a note of one Theland, the property of the Cassill Investment Company, was then hypothecated to plaintiffs as security for the Cassill note; that later the Theland note was withdrawn by the corporation, and in consideration of such withdrawal the note in suit was substituted for the Theland note, either by way of payment of the Cassill note or as collateral thereto. It also appears that the note in suit came into plaintiff's possession on the 2d day of February, 1914, duly indorsed by the Cassill Investment Company. It is apparent, therefore, that the entire transaction was for the use and benefit of the corporation, and was not the private debt of Cassill. In such a transaction alone, there is nothing which, as a matter of law or of fact, would charge these plaintiffs with notice of any defenses against the note, or which would impeach the good faith of the plaintiffs. The record contains no evidence or offer of evidence tending to show that plaintiffs prior to the purchase or hypothecation of the note, had any actual knowledge of the conditions or terms of the contract or breaches thereof.

We are of the view that the trial court did not err in exclud-
ing evidence, or offers of evidence, as to the defenses and alleged
counterclaim referred to, and that the evidence and offers of
evidence disclosed by the record are not sufficient to show that
plaintiffs are not good-faith indorsees for value before maturity
of the note sued upon. It follows that the trial court did not
err in directing a verdict for plaintiffs. The judgment and
order are affirmed.

WHITING, J., not sitting.