UTAH LAKE IRR. CO. v. ALLEN et al.

No. 4168.   Decided December 22, 1924.   (231 Pac. 818.)

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS LAW IS IN FORCE IN UTAH.   Negotiable Instruments Law is in force in Utah.

2. BILLS AND NOTES—GENERALLY STATEMENT ON FACE OF NOTE THAT IT IS PART OF ANOTHER AGREEMENT DOES NOT DESTROY ITS NEGOTIABILITY.   Generally a statement on face or in body of a promissory note, that note is a part of another agreement, does not affect or destroy its negotiability, when it is negotiable in form.

---

See (1) 8 C. J. p. 46; (2, 4) 8 C. J. p. 124; (3) 23 C. J. p. 59.

3. EVIDENCE—COMMON KNOWLEDGE THAT PROMISSORY NOTES ARE
   USUALLY PARTS OF OR CONNECTED WITH OTHER CONTRACTS OR
   AGREEMENTS. It is a matter known to all that promissory notes
   are parts of, connected with, or related to other contracts or
   agreements.

4. BILLS AND NOTES—NEGOTIABILITY OF PROMISSORY NOTE NOT DE-
   STROYED BY STATEMENT THAT IT WAS PART OF ANOTHER AGREE-
   MENT. Negotiability of promissory note was not destroyed by
   a written statement on its face that "this note is part of agree-
   ment dated January 19, 1921."

Appeal from District Court, Third District, Salt Lake
County; *Ephraim Hanson,* Judge.

·Action by the Utah Lake Irrigation Company against R.
F. Allen and another. From an adverse judgment, plaintiff
appeals.

REVERSED AND REMANDED, with directions.

*H. R. Waldo,* of Salt Lake City, for appellant.

*A. W. Hart,* of Preston, Idaho, for respondents.

FRICK, J.

In its complaint plaintiff sought to recover judgment
against defendants on two promissory notes. Judgment was
entered on one note in favor of plaintiff and upon the other
in favor of defendants. Plaintiff appeals. The note upon
which judgment was entered in favor of plaintiff is not in-
volved in this appeal, and will not be further considered.

The note in question is dated January 27, 1921, and by
its terms was made payable to G. M. Richards or order "on
or before March 27, 1921." Richards, before the note be-
came due, in due course, sold and delivered the note to
plaintiff. He indorsed the same and guaranteed payment
thereof. There is no question respecting the negotiation of
the note to the plaintiff. The court also found that plaintiff
purchased the note before it fell due and in due course. The

only question is with respect to the negotiability of the note for the reason that below the signatures of the makers of the note were written the following words: "This note is part of agreement dated January 19, 1921." The court held that the foregoing words written on the face of the note below the signatures of the makers destroyed its negotiability, and hence made it subject to all defenses, although plaintiff was a purchaser before due for value in due course, and without notice. The only question for determination therefore is, Does the written statement on the note affect or destroy its negotiability? Plaintiff's counsel urgently insist that notwithstanding the holding of the lower court the statement on the note does not in any way impair its negotiable character.

After examining the authorities we have become convinced that, while they are not in entire harmony, nevertheless the overwhelming weight of authority supports plaintiff's contention, and that such is especially the case under the Negotiable Instruments Law (Laws 1899, c. 83), which is in force in this jurisdiction.

It is generally held that a statement on the face or in the body of a promissory note, similar to and in effect like the statement on the note in question in this case, does not affect or destroy the negotiability of such an instrument, when negotiable in form. Among other cases that are generally cited by the courts we refer to the following: *First Nat. Bank, etc.,* v. *Lightner,* 74 Kan. 736, 88 P. 59, 8 L. R. A. (N. S.) 231, 118 Am. St. Rep. 353, 11 Ann. Cas. 596; *Nat. Bank, etc.,* v. *Wentworth,* 218 Mass. 30, 105 N. E. 626; *Continental Guaranty Corp.* v. *People's Bus Line* (Del. Super.) 117 A. 275; *International Finance Co.* v. *Northwestern Drug Co.* (D. C.) 282 F. 920; *Snelling State Bank* v. *Clasen,* 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; *First Nat. Bank, etc.,* v. *Sullivan,* 66 Wash. 375, 119 P. 820, Ann. Cas. 1913C, 930; *Van Tassel* v. *McGrail,* 93 Wash. 380, 160 P. 1053; *Slaughter* v. *Bank of Bisbee,* 17 Ariz. 484, 154 P. 1040; *First Nat. Bank* v. *Barrett,* 52 Mont. 359, 157 P. 951; *Merchants' Nat. Bank* v. *Santa Maria Sugar*

*Co.,* 162 App. Div. 348, 147 N. Y. S. 498; *Ex parte Bledsoe,*
180 Ala. 586, 61 So. 813; *Taylor* v. *Curry,* 109 Mass. 36, 12
Am. Rep. 661; *Doyle* v. *Considine,* 195 Ill. App. 311; *Strand
Amusement Co.* v. *Fox,* 205 Ala. 183, 87 So. 332, 14 A. L.
R. 1121; *Chicago Ry. Co.* v. *Merchants' Bank,* 136 U. S.
268, 10 S. Ct. 999, 34 L. Ed. 349; *First Nat. Bank* v. *Bad-
ham,* 86 S. C. 170, 68 S. E. 536, 138 Am. St. Rep. 1043; *Cole-
man* v. *Valentin,* 39 S. D. 323, 164 N. W. 67; *Metropolitan
Nat. Bank* v. *Vanderpool* (Tex. Civ. App..) 192 S. W. 589;
Brannan Negotiable Inst. L. § 3, p. 15 et seq.

In *First Nat. Bank, etc.,* v. *Lightner,* supra, the Supreme
Court of Kansas goes into the subject at great length, and,
according to the tests there laid down, the note in question
in this case is clearly negotiable.

In *Nat. Bank, etc.,* v. *Wentworth,* supra, the note con-
tained this statement: ''For value received as per terms of
contract.'' It was contended that the words, ''as per terms
of contract,'' made the note subject to whatever terms may
have been contained in the contract, and destroyed its ne-
gotiability. The court, however, held that under the Ne-
gotiable Instruments Law the statement, although in the
body of the note, did not affect its negotiability. In the
opinion the court refers to a former Massachusetts case,
and approves and adopts the following language:

, ''The words [as per terms of contract] do not express any con-
tingency as to the payment of the notes, or refer to any fund out of
which they are to be paid, but appear to refer to the consideration
for which they were given. Such a reference may be for mere
convenience, or for any other reason, but it cannot be interpreted
as a modification of the promise.''

In *International Finance Co.* v. *Northwestern Drug Co.,*
supra, the court held that under the Negotiable Instruments
Law the statement in the body of the note, ''as per Reolo
contract,'' did not impair the negotiability of the note.

In *Snelling State Bank* v. *Clasen,* supra, the rule laid
down in *First Nat. Bank, etc.,* v. *Lightner,* is followed.

In *First Nat. Bank, etc.,* v. *Sullivan,* supra, the note con-
tained the following statement:

''This note is given to take up the freight and rehandling of

N. P. car 43607 and proceeds from resale of said car shall apply on this note."

The court held that the statement did not destroy the negotiability of the note. After a full consideration of the question, the court concluded its opinion as follows:

"The negotiability of notes and drafts is favored in law, and whenever the promise can be held unconditional without doing violence to the ordinary meaning of the language used, it will be so held. 7 Cyc. 575 et seq. Following the decisive trend of authority, both ancient and modern, we hold the note here in question a negotiable instrument."

In *Van Tassel* v. *McGrail,* supra, the doctrine laid down in the preceding case is followed.

In *Slaughter* v. *Bank of Bisbee,* supra, the court held that the statement in the body of the note "for payment under contract of even date" did not affect the negotiable character of the note. In the opinion, the court, in referring to the words, for payment under contract of even date," says:

"We cannot enter into the speculation of inserting or supplying omitted words, as appellant would have us do, in order to give it the force and effect of limiting and qualifying the unconditional promise of the makers as contained in the body of the note; we must accept the words actually used, which do not declare anything, or assert anything, or affirm anything, but are a mere allusion to or signpost of the transaction out of which the note originated."

What is there said is clearly applicable to the case at bar. To say this note is part of agreement dated January 19, 1921, in no way qualifies anything that is said in the body of the note. It is a matter known to all that the instances are rare indeed when promissory notes are not parts of, connected with, or related to other contracts or agreements. Indeed, promissory notes are usually the culmination of some other agreement or contract. To make the **3** statement that a note is part of a contract, without saying more, clearly cannot be held to modify the unconditional promise to pay a specific sum of money on or before a specific date. To go to that extent is to go beyond all reason.

To the same effect are *First Nat. Bank* v. *Barrett, Merchants' Nat. Bank* v. *Santa Maria Sugar Co.,* and *Ex parte*

*Bledsoe,* supra. In *Taylor* v. *Curry,* supra, the note contained the following statement: "On policy No. 33386. Bg. Stromness." It was held that the statement did not destroy the negotiable quality of the note. In *Doyle* v. *Considine,* supra, it is held that the words "this note is given in accordance with a land contract of even date between B. and C." did not impair the negotiability of the note. In *Strand Amusement Co.* v. *Fox,* supra, the words, "as per contract," were held not to affect the negotiable character of the instrument.

In *First Nat. Bank* v. *Badham,* supra, the note contained the following statement in the body thereof: "For value received in one machinery as per contract, November 23, 1899." It was held that the statement did not affect the negotiability of the note. In *Coleman* v. *Valentin,* supra, the note contained the following statement: "This is one of a series of notes given in payment of land described in a contract this day executed." It was held that the negotiability of the note was not affected by the statement. In *Metropolitan Nat. Bank* v. *Vanderpool,* supra, the court held that the words, "Payment on contract L. 854," did not impair the negotiable character of the note. In *Continental Guaranty Corp.* v. *People's Bus Line,* supra, the court, after holding that the words, "This note is given covering deferred installments on conditional sale contract for a motor vehicle," did not affect the negotiability of the note for the reason that they did not qualify the unconditional promise to pay the amount stated in the note. The court then quotes and adopts the following from 3 R. C. L. § 112, p. 918:

"The negotiability of a note is not affected by a reference which is simply a recital of the consideration for which the paper was given, or a statement of the origin of the transaction, or by a statement that it is given in accordance with the terms of a contract of even date between the same parties."

The court then says:

"In determining whether or not a reference in a note to an extraneous writing renders the note nonnegotiable, the court is, of course, confined to its examination of the note itself, and cannot look to the provisions of the extraneous writing for assistance. It

is the negotiability of the note, and not of the extraneous writing which is being determined" (citing cases).

In *Waterbury-Wallace Co.* v. *Ivey,* 99 Misc. Rep. 260, 163 N. Y. S. 719, it is held:

"In determining whether reference to a contract destroyed the negotiability of a note, the court must confine its examination to the note itself."

Such a holding is not only reasonable and just, but conforms to the facts. One purchasing a negotiable instrument necessarily determines from the instrument itself whether it possesses all of the qualities of negotiability. If it does, he is not required to look elsewhere. If he is not, the court cannot. In that case it was held that the statement in a promissory note, "value received, with interest, as per contract on Nov. 12, 1915," did not affect its negotiability, and that the court could not examine the contract to determine that question.

If a negotiable instrument is in fact made subject to the provisions of some other contract or agreement, and such agreement modifies the unconditional promise to pay, it is an easy matter to so state, and unless it is so stated courts should not modify an unconditional promise to pay by mere implication, or forced construction, and thus destroy the negotiable character of an instrument which has been transferred to an innocent party for value and in due course. To do that is to create far more harm than will be prevented by following the general rules of construction as hereinbefore laid down.

Plaintiff, however, insists that there is nothing in the contract which impairs plaintiff's right to recover upon the note in question. In view of our holding that the negotiability of the note was not impaired, and that the same is not subject to the defense set up by the defendants, it is not necessary to pass upon the latter contention, and we express no opinion upon it.

The court therefore clearly erred in holding that the note was nonnegotiable.

The judgment is reversed and the cause remanded to the district court of Salt Lake county, with directions to set

aside its conclusion of law and to enter a conclusion of law favorable to the plaintiff upon the note in question, and to enter judgment accordingly. Plaintiff to recover costs.

WEBER, C. J., GIDEON and CHERRY, JJ., and WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.