(108 So. 369)

**VERNER v. WHITE. (6 Div. 638.)**

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Bills and notes ☞165.**

Note, on face of which and across margin maker had written, at time of execution, "subject to terms of contract," is not negotiable.

**2. Bills and notes ☞134.**

Where maker, when executing note, wrote on face thereof "subject to terms of contract," such matter became a part of contract as if found in body of instrument.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action on promissory notes by C. B. Verner against C. P. White. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

E. L. Dodson, of Tuscaloosa, and J. J. Mayfield, of Montgomery, for appellant.

The bona fide holder of a promissory note for value acquired before maturity is not affected by equities between the original parties. State Bank v. Cason, 39 La. Ann. 865, 2 So. 881; Whitehead v. Purdy, 172 Mich. 31. The words written on the note did not destroy its negotiability. Blackman v. Lehman, 63 Ala. 547, 35 Am. Rep. 57; Sacred Heart Church v. Manson, 203 Ala. 256, 82 So. 498; 8 C. J. 509–511; Strand Am. Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121; 3 R. C. L. 885.

Bealle & Pearson, of Tuscaloosa, for appellee.

The notes sued upon are nonnegotiable. Seymour v. Farquhar, 93 Ala. 292, 8 So. 466; 3 R. C. L. 883; Strand Am. Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121.

BOULDIN, J. The promissory note sued upon was given for services to be rendered under an executory contract. At the time of execution the maker wrote upon the face of the paper, and across the marginal end thereof, "subject to terms of contract."

[1, 2] The single question presented is whether this entry on the note destroyed its negotiability and let in the defense of failure of consideration as against an indorser for value before maturity. Pertinent matter so written at the time of execution becomes a part of the contract as if found in the body of the instrument. Seymour v. Farquhar, 93 Ala. 292, 8 So. 466; Sacred Heart Church v. Manson, 203 Ala. 256, 82 So. 498. That such note is not negotiable is fully supported by the decision of this court in Strand Amusement Co. v. Fox, 205 Ala. 183, 184, 87 So. 332, 333 (14 A. L. R. 1121). Says the court:

"Where the promise to pay is made 'subject to' some other contract referred to, the authorities seem to be agreed that the obligation is conditional, and negotiability is destroyed. Klots, etc., Co. v. Manufacturers', etc., Co., 179 F. 813, 103 C. C. A. 305, 30 L. R. A. (N. S.) 40, and note, citing numerous cases; L. R. A. 1918B, 639; 8 Corp. Jur. 124, § 216. So, where the payment was to be made 'according to the requirements of a certain agreement of even date herewith,' the note was held nonnegotiable. Chicago, etc., Bank v. Chicago T. & T. Co., 190 Ill. 404, 60 N. E. 586, 83 Am. St. Rep. 138."

Again, speaking of the location of the clause in question in relation to other parts of the note, it is there said:

"If it is so placed in relation to the promise to pay as to clearly qualify that promise by subjecting it to the terms of some other contract referred to, negotiability is denied."

The court quotes approvingly from 3 R. C. L. 883, § 69, denying negotiability where the note refers to a contract in such way as to make it "subject to the terms of that contract."

Again the court quotes from Slaughter v. Bank of Bisbee, 17 Ariz. 484, 154 P. 1040, wherein it was held that the note is subject to the conditions of a contract, if the expression reasonably means "subject to the terms of the contract."

If the reference to the contract shows the "obligation to pay is burdened with the conditions of that contract," negotiability is destroyed. There was difference of opinion as to the effect of the words "as per contract" in the Strand Amusement Co. Case, but none upon the principles above stated or quoted. The parties here chose the same words used in the cases as most expressive of the intent that the obligation to pay shall be subject to the conditions of the contract. The effect is to write into the note the contract itself so far as it fixes the obligation to pay. All holders must take the note subject to the conditions thus incorporated therein.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.