Joseph Mazer Company, Inc., Appellee, v. Blauer-Goldstone Company, Appellant.

Gen. No. 33,912.

306

Heard in the third division of this court for the first district at the October term, 1929. Opinion filed December 10, 1930.

KRINSKY, LEVITAN & GLASSNER, for appellant.

BLUM & JACOBSON, for appellee; REUBEN S. FLACKS, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

The defendant has appealed from a judgment entered in the municipal court of the City of Chicago, in favor of the plaintiff for the sum of $600, being only a part of the plaintiff's claim. The plaintiff also seeks a reversal of this judgment on cross error filed in this court, and asks that judgment be entered for the whole of the plaintiff's claim, which amounts to $1,200.

This case was tried by the court after a jury was waived, and from the evidence it appears that the action is to recover the principal amount of two promissory notes executed by the defendant, each being for the sum of $600, dated January 15, 1927, payable to the order of Kansteiner, Inc., one due April 20, 1927, and the other due May 31, 1927, both of said notes

indorsed by the said payee and delivered to the plaintiff.

The defendant contends that each of said notes was delivered to Kansteiner, Inc., without consideration and as an accommodation; that the defendant is a corporation organized under the laws of the State of Illinois, and under its charter is not authorized to execute or issue accommodation paper, and that the plaintiff was not a bona fide holder for value before maturity of said notes.

The plaintiff, on the other hand, contends, in support of its cross error, that the plaintiff was a bona fide holder in due course of the note upon which judgment was entered; that neither of the two notes, the subject of this litigation, was accommodation paper, but that both were, in fact, given for a valuable consideration, and that the plaintiff is entitled, as a matter of law, to a judgment for the sum of $1,200.

It appears from the record that the plaintiff received the two notes from Kansteiner, Inc. during the month of May, 1927, for money due in the form of an open account amounting to the sum of $2,967.87; that these notes do not appear credited upon the Kansteiner, Inc. account, but that the account is to be credited upon the payment of the notes.

It is one of the contentions of the defendant that no credit was given to Kansteiner, Inc. upon its account with the plaintiff, nor was any credit intended to be given until the notes were in fact, paid, and that the facts did not justify the entry of a judgment for the amount due on the note that matured May 31, 1927. The answer to this contention is obvious. The evidence of the plaintiff is to the effect that the note was accepted in liquidation of the account, in part, when the money is received in payment of the note.

Under the Negotiable Instruments Act, an antecedent or pre-existing claim constitutes value, and in this case the note was taken by the plaintiff to secure the

payment of its account. Cahill's St. ch. 98, ¶ 45. If the plaintiff was to credit the account of Kansteiner, Inc. when the note was, in fact, paid, reasonable inference necessarily would follow that the plaintiff was to forbear and not press the payment of its debt, and the acceptance of the note was collateral security for the payment of this account.

It is admitted by the defendant that the rule is that the mere taking of negotiable paper as security for the payment of a debt establishes a sufficient consideration to make the holder a holder for value, and this rule is a part of the Negotiable Instruments Act of this State.

The law announced in the case of *Manning v. McClure,* 36 Ill. 490, is a complete answer to this contention of the defendant, wherein the Supreme Court in its opinion says:

"It is admitted, in all the cases, that if the indorsee, at the time of taking the note as collateral security for a pre-existing debt, gives a new consideration, as, for example, if he makes a valid agreement to give further time, he then takes it free from latent equities. But it is urged that in the absence of any such new consideration, or any such agreement, the indorsee is in no worse condition than he would have been if he had not received the note. . . . Now, the question is one of presumption, and that presumption must be drawn from the general experience of society. . . . We have no hesitation in saying, that the assumption that time is not in fact given, because it is not expressly agreed to be given, and that therefore the indorsee is not placed in a worse position by letting in the latent equities than he would have occupied if he had not received the note, is at variance with the general experience of all men whose business makes them cognizant of affairs of this character. What inducement has the debtor to part with his negotiable paper except the expectation of further forbearance? . . .

And when the debtor has turned out his collaterals, without taking an express agreement to forbear, does not good faith, nevertheless, require forbearance, and is it not generally given among all right-minded men? Having received the securities, the creditor believes himself safe.''

The law as thus established has been followed in the case of *Elgin Nat. Bank v. Goecke,* 295 Ill. 403, in which the Supreme Court uses this language:

"It is the well established law in this jurisdiction that an indorsee of a negotiable note who has taken it, before its maturity, as collateral security for a pre-existing debt and without any express agreement is deemed a holder for a valuable consideration, and that he holds it free from latent defenses on the part of the maker. . . . This question was thoroughly gone into by this court in the case of *Manning v. McClure,* 36 Ill. 490, and some of the cases holding the opposite view are therein cited and discussed. The rule as above announced was the result of due deliberation and consideration by this court, and it has been a rule now for more than fifty years and has been frequently re-affirmed in other cases. (*Nix v. National Bank of Bloomington,* 91 Ill. 20; *Zollman v. Jackson Trust and Savings Bank,* 238 Ill. 290.) Besides, the legislature has by section 25 of our Negotiable Instruments Act declared this rule to be the law of this State by statutory enactment.''

The law is well settled that it is an ultra vires act for a corporation to issue accommodation paper, and no recovery can be had by the plaintiff unless the plaintiff is a holder in due course and there is a consideration moving from the plaintiff, and without notice that the note reduced to judgment is accommodation paper. Section 52 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 72, defines "holder in due course" as one who has taken the instrument before maturity and upon the condition, among others,

that he took it in good faith and for value, and with no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

The evidence of Mr. Mazer, an officer of the plaintiff company, is to the effect that he received the note from Kansteiner before maturity, but denies that he knew the notes sued on were accommodation paper and issued without consideration, or subject to any defense, until after the receipt of the notes by the plaintiff, which evidence is contradicted by Mr. Goldstone, one of the officers of the defendant, who testified, in substance, that he told Mazer before the plaintiff received the notes in question that they were accommodation paper and that the defendant did not intend to pay the notes outstanding.

The credibility and weight of the evidence is for the trial court, and unless the facts are clear that the finding of the court is contrary to the weight of the evidence and the law, this court will not interfere.

The remaining contention to be considered is that of the plaintiff that the trial court erred in not finding for the whole of the plaintiff's claim for the amount due on the notes in question. The note maturing April 20, 1927, was received after maturity, and notwithstanding the plaintiff had no knowledge that this note was an accommodation and issued without consideration to Kansteiner, Inc., still section 58 of the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 78, which provides that in the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable, answers the contention of the plaintiff. Kansteiner, Inc. was not a holder in due course, and the receipt of the notes by the plaintiff after maturity makes the claim of this plaintiff subject to the defenses interposed by the defendant, and it was not error to refuse to enter judgment for the amount due on this note.

After a consideration of the evidence in the record and the contentions of counsel in this case, we find no error that would warrant a reversal.

The judgment of the trial court is, therefore, affirmed.

*Affirmed.*

WILSON, P. J., and FRIEND, J., concur.