(No. 20760.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM E. GOULD *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1932.*

S. R. Kenworthy, and Edward L. Eagle, for plaintiffs in error.

Oscar E. Carlstrom, Attorney General, Carl A. Melin, State's Attorney, J. J. Neiger, and Charles E. Sturtz, for the People.

Mr. Commissioner Partlow reported this opinion:

Plaintiffs in error, William E. Gould and Sam D. Burge, were convicted in the circuit court of Henry county under an indictment which charged them with making, passing and uttering a fictitious note. They were sentenced to the penitentiary and have prosecuted a writ of error from this court to review the judgment.

The indictment contained three counts. The first count charged that the plaintiffs in error unlawfully, willfully, feloniously and falsely made a certain fictitious note, as follows:

"Coupon Interest Note.

"$30.00                    Kewanee, Illinois, *Feb. 14, 1927.*

"One year after date, for value received, I promise to pay to bearer the sum of thirty dollars at the office of the Savings Bank of Kewanee, Kewanee, Illinois, with interest from maturity at the rate of seven percentum per annum payable annually. This note is given for interest due at the maturity hereof, on a loan evidenced by principal trust deed note hereto attached and numbered 146-1. Payable according to the tenor of said principal note.
Coupon No. 1                    M. D. Tomlinson."

It is alleged that the note was made with felonious intent to prejudice, damage and defraud Orlando B. Spencer, there being then, in fact, no such individual as M. D. Tomlinson in existence, plaintiffs in error then and there well knowing the note to be fictitious. The second and third counts are the same as the first, except that instead of charging plaintiffs in error with making the note, the sec-

ond count charged them with passing and the third charged them with uttering the note.

The court overruled a motion to quash the indictment, and this ruling is assigned as error. A number of grounds are urged in support of the motion to quash, only three of which will be considered. The first is, that the instrument set out in the indictment is not negotiable. The second is, that the instrument recites on its face that it forms a part of another instrument in writing which is not set out in the indictment and no extraneous facts are alleged to disclose the validity of this other writing. The third is, that the signature of M. D. Tomlinson is not the signature of any living person known to the law and consequently the instrument is not capable of forgery.

Section 107 of the Criminal Code (Smith's Stat. 1931, chap. 38, sec. 279, p. 1031,) provides that whoever shall make, pass, utter or publish, with an intention to defraud any other person, any fictitious bill, note or check purporting to be the bill, note or check or other instrument in writing for the payment of money or property of some bank, corporation, co-partnership or individual, when, in fact, there shall be no such bank, corporation, co-partnership or individual in existence, said person knowing the bill, note, check or instrument in writing for the payment of money or property to be fictitious, shall be imprisoned in the penitentiary not less than one nor more than twenty years. This section has been construed to extend only to such instruments in writing as contain an absolute and unconditional promise to pay money or property to the payee therein named or his assignee. (*Shirk* v. *People,* 121 Ill. 61.) The instrument set out in the indictment is an interest coupon, and contains the words, "payable according to the tenor of said principal note." If these words place a condition on the promise to pay, and thus render the coupon nonnegotiable, no crime was charged in the indictment under section 107.

Section 1 of the Negotiable Instruments law provides that an instrument payable in money, to be negotiated, must contain an unconditional promise or order to pay a sum certain in money. Section 3 provides that an unqualified order or promise to pay is unconditional, within the meaning of the act, although coupled with a statement of the transaction which gives rise to the instrument. (Smith's Stat. 1931, chap. 98, secs. 20, 23, p. 1964.) A recital in a promissory note, to destroy its negotiability, must be of such a nature that it qualifies or makes uncertain or conditional the promise to pay. (*Zollman* v. *Jackson Trust and Savings Bank*, 238 Ill. 290; *Chicago Trust and Savings Bank* v. *Chicago Title and Trust Co.* 190 id. 404.) No decision is cited from this State or elsewhere in which the qualifying words are identical with those in the present case. It has uniformly been held, however, that when a note contains the statement that it is subject to the terms or conditions of a certain contract the promise to pay becomes conditional and the note is non-negotiable. (*Klots Throwing Co.* v. *Manufacturers Com. Co.* 179 Fed. 813; *Verner* v. *White*, 214 Ala. 550, 108 So. 369; *Gaines* v. *Fitzgibbons*, 168 La. 260, 121 So. 763; *National Bank of Newbury* v. *Wentworth*, 218 Mass. 30, 105 N. E. 626.) In the following cases instruments were declared to be non-negotiable when the additional words in the note had a direct bearing on or reference to the promise or direction to pay: *First Nat. Bank* v. *Power Equipment Co.* 233 N. W. (Iowa) 103; *Westlake Mercantile Finance Corp.* v. *Merritt*, 269 Pac. (Cal.) 620, 61 A. L. R. 811; *First Nat. Bank* v. *Badham*, 86 S. C. 170, 68 S. E. 536; *International Finance Corp.* v. *Calvert Drug Co.* 144 Md. 303, 124 Atl. 891, 33 A. L. R. 1162; *Continental Bank and Trust Co.* v. *Times Publishing Co.* 142 La. 209, 76 So. 612, L. R. A. 1918B, 632. On the other hand, if the note merely recites that it is part of a certain agreement it has been held to be negotiable. (*Utah Lake Irrigation Co.* v. *Allen*, 64 Utah, 511, 231 Pac.

818, 37 A. L. R. 651.) In the present case the language used is, "payable according to the tenor of said principal note." This language could have no other construction than a direction as to the manner in which the note was to be paid. It was to be paid according to the tenor of the principal note. The principal note is not set out in the indictment. There is nothing in the indictment to show its provisions. It may have been an unconditional promise to pay or it may not have been such a promise. The instrument set out in the indictment did not contain an absolute or unconditional promise to pay, and therefore the indictment did not charge a crime under section 107 of the Criminal Code.

It is contended by the People that even though the instrument set out in the indictment did not contain an unconditional promise to pay, as required by section 107, the indictment is good under section 105 of the Criminal Code. (Smith's Stat. 1931, chap. 38, sec. 277, p. 1031.) This section, omitting the inapplicable portions, provides that "every person who shall falsely make, alter, forge or counterfeit any * * * promissory note * * * or any other written instrument of another, or purporting to be such, by which any pecuniary demand or obligation, or any right in any property is, or purports to be created * * * or shall counterfeit or forge the seal or handwriting of another, with intent to damage or defraud any person * * * or shall utter, publish, pass or attempt to pass as true and genuine * * * any of the above named false, altered, forged or counterfeited matters, * * * knowing the same to be false, altered, forged or counterfeited with intent to prejudice, damage or defraud any person * * * shall be deemed guilty of forgery."

The indictment clearly was not drawn under section 105. It follows almost the exact language of section 107. The record shows that the proof was made, the instructions were given, the verdict was rendered and the sentence was im-

posed on the theory that the indictment was drawn under section 107. The indictment was not only not drawn under section 105 but it does not meet the requirements of that section. The note set out in the indictment is not a "promissory note * * * or any other written instrument of another, or purporting to be such, by which any pecuniary demand or obligation, or any right in any property is, or purports to be created." It is not a promissory note complete in itself. Its payment is conditioned by the provisions of a principal note therein referred to but not set out in the indictment. On account of the failure of the indictment to set out the principal note upon which the coupon note depends for payment, it cannot be determined from the indictment whether the coupon creates or purports to create a legal obligation to pay. Plaintiffs in error are not charged in the indictment with the forging of the handwriting of another person. The indictment charges them with making, passing and uttering a fictitious note purporting to be the note of M. D. Tomlinson, there being then in existence no such individual as M. D. Tomlinson. The word "person," as used in section 105, means a human being. (Webster's Unabridged Dict.) Section 107 expressly applies to cases where the name of a fictitious person is signed to the note. Section 105 does not apply to cases where the name of a fictitious person is signed to the note, therefore the indictment charged no crime under section 105.

The judgment is reversed and the cause remanded, with directions to quash the indictment.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*