and, possibly, success. The plaintiff is not necessarily deprived of the testimony of the witnesses whose depositions have been suppressed. He may still produce them upon the trial, where they can be subjected to an oral cross-examination. Should he be unable to secure their attendance, he may have to suffer the penalty of a nonsuit or a compulsory discontinuance. In that event, however, he may commence anew, and in the new action apply for a commission in the ordinary way. Such a motion in any new action can then be dealt with as the law and the practice require. But, whatever may be the ultimate consequences to the plaintiff of his misconduct, he cannot in this action secure a favorable exercise of discretion in order to extricate himself from the dilemma in which he has placed himself by his unfair practices.

The order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur.

---

### THIRD NAT. BANK OF BUFFALO v. SPRING.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. BILLS AND NOTES—PAYMENT TO PAYEE AFTER TRANSFER.
The bona fide transferee of a negotiable note before maturity is not bound by payments to the payee by the maker after the transfer, though made by the latter in good faith, without notice of the transferee's rights.

2. SAME—NEGOTIABILITY.
The fact that a note in the ordinary form contains, in addition, a provision that the maker and indorsers waive presentment, protest, etc.; that the title of the property for which the note was given should remain in the payees until the note was fully paid; that no person was authorized to receive payment thereon unless the note was presented and the payment was indorsed thereon at the time; and that no agent was authorized to extend the time for payment or to renew the note,—does not render it nonnegotiable.

Appeal from trial term, Erie county.

Action by the Third National Bank of Buffalo against Hattie Bowman Spring. From a judgment for defendant (59 N. Y. Supp. 794), plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Lewis & Lewis, for appellant.
George F. Thompson, for respondent.

WILLIAMS, J. The action was brought upon a written instrument, of which the following is a copy:

"$250. Buffalo, N. Y., 5/29, 1896.

"On or before one year after date, I promise to pay to the order of Luxton & Block two hundred and fifty dollars; payable at 418 Main street; value received; with interest. The makers and indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note. The piano described herein, for which this note is given, shall remain the property of Luxton & Block until this note is fully paid; and in no event shall the title to said piano vest in said H. Bowman or his assigns until the entire amount for which this note is given, together with interest thereon, is fully paid. No person is authorized to receive payment or make collection on this

note unless the note is presented, and the amount paid duly indorsed at the time. Nor is any agent allowed to extend the time of payment or renew said note. This note is to draw ——— per cent. interest from the date if not paid at maturity.　　　　　　　　　　　　　　　　Hattie Bowman.

"No. 26,082.　　　　　　　　　　　　　Address, Middleport, N. Y.

"Style H, Oak."

The defense interposed by the defendant was that the full $250 for which the instrument was given had been paid. Upon the trial it appeared that the instrument was indorsed by the payees, and transferred and delivered to the plaintiff, June 3, 1896, and that the plaintiff then became a bona fide holder thereof for value. It was conceded that the defendant paid the plaintiff, to apply thereon, $150 on the 20th day of May, 1897; and it was shown that the defendant paid to the payees in the instrument $50 on the 6th day of August, 1896, and $50 on the 6th day of September, 1896. These two payments and the payment to the plaintiff amounted, together, to $250. The two payments to the payee of the instrument never came to the plaintiff; and the defendant, when she made these payments, was not aware that the instrument had been transferred to the plaintiff, but believed that the payee had the right to receive the payments. The court allowed these payments upon the note, and decided that the plaintiff was entitled to recover only the interest, amounting to $10.14. This decision resulted in a judgment in favor of defendant for costs, after deducting the amount of plaintiff's recovery. From such judgment this appeal is taken.

The question upon this appeal is as to the allowance of the two payments, of $50 each, which were made to the payee after the transfer of the instrument to the plaintiff. The instrument was undoubtedly a promissory note, and matured one year from date; the maker, by its terms, having the right to pay at any earlier date. Payment could not be enforced, however, until the end of the year. There is no question but that the plaintiff was a transferee of the note before maturity, in good faith and for value, in the usual course of business; and there is no doubt but that the defendant made these payments in good faith, without notice of the plaintiff's rights, and supposing the payees were still the owners and holders of the note. The sole question is, therefore, whether the note was negotiable or nonnegotiable. If negotiable, the plaintiff was not bound by the payments. If nonnegotiable, the plaintiff was so bound. Heermans v. Ellsworth, 64 N. Y. 159; Bank v. Maxwell, 32 N. Y. 579.

The claim is made by defendant that this note is not negotiable, because of the matter following the ordinary form of a promissory note, viz. the waiver of protest; the agreement that the title of the property for which the note was given should remain in the payees until the note was fully paid; the statement that no person was authorized to receive payment on the note unless it was presented and indorsement was made at the time, and that no agent was authorized to extend the time for payment or to renew the note. An examination of the authorities, however, in this state shows that this contention is not well founded. Arnold v. Railroad Co., 5 Duer, 207; Mott v. Bank, 22 Hun, 354; Hodges v. Shuler, 22 N. Y. 114;

Frank v. Wessels, 64 N. Y. 155. In the Arnold Case the note, in addition to the ordinary form, provided that the maker had deposited its bonds (giving their numbers), as collateral for the payment of the note, with a third party, who was given power, on the nonpayment of the note at maturity, to sell the bonds at broker's board, at public or private sale, on six days' notice in the Journal of Commerce, and apply the proceeds to the payment of the note, and agreeing to pay any balance remaining after such application. The note was transferred to the plaintiff before maturity. The defendants claimed that the note was nonnegotiable. The court held the note negotiable; saying, among other things:

"The terms of the contract [annexed to the formal part of the note] do not modify that part which contains a promise to pay, absolutely, to the order of the persons named in it, a certain sum on a day specified."

In the Mott Case the note, in addition to the ordinary form, stated that the same was given in part payment for a portable engine, which should remain the property of the owner of the note until the amount was fully paid. The court held that the note was negotiable, saying:

"The addition of the statement of the consideration, to wit, the engine, with the statement that it was to remain the property of the owner until the note was fully paid, did not render it nonnegotiable."

In Hodges v. Shuler the note, in addition to the ordinary form, stated that, upon the surrender of the note at any time until six months of its maturity, the maker would issue to the holder thereof 10 shares of stock of maker (a railroad corporation) in exchange therefor, etc. The court held that the note was negotiable; saying, among other things:

"It was for the unconditional payment of a certain sum of money at a specified time to the payee's order. It was not an agreement in the alternative,—to pay in money or railroad stock. It was not optional with the makers to pay in money or stock. An election was given to the promisees to surrender the note and take stock, but the promise by the makers was still an absolute and unconditional one,—to pay money on a fixed day."

In Frank v. Wessels the instrument was in form of a receipt, and promise to pay moneys; adding the words "on return of this receipt." The court held that the instrument was a negotiable promissory note; saying, among other things:

"The words 'On return of this receipt' do not make it payable upon a contingency, or constitute a condition precedent to any payment. * * * This restriction would be implied in any promissory note."

We are aware of no authorities in this state in conflict with those here referred to, and they hold that where a note contains a promise to pay a certain sum of money at a certain time, absolutely, the addition of provisions similar to those in the note in suit does not render the note nonnegotiable. The plaintiff not having had the benefit of these payments, the same should not have been allowed upon the note. The plaintiff was entitled to recover $100 of principal in addition to interest upon the note.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.