# *Ex Parte* Bledsoe.

## *Assumpsit.*

(Decided April 10, 1913.   61 South. 813.)

1. *Bills and Notes; Negotiable Instruments.*—A note for the purchase price of an automobile payable at a certain place was negotiable, notwithstanding the provisions relative to retention of title and steps to be taken in the event of default, etc.

2. *Same; Collateral Agreement.*—The note examined and its provisions held not to amount to an offer or promise to do an act in addition to the payment of money which would render the note nonnegotiable under section 4962, Code 1907, but on the contrary that such provision helped to make the promise to pay unconditional under subdivision 3 of such section.

3. *Same; Provisions as to Cost of Collection.*—Under section 4959, Code 1907, a provision in a note for paying cost of collection or attorney's fees, etc., does not affect the negotiability of the note.

Certiorari to Court of Appeals.

Action by the City National Bank of Selma against H. T. Bledsoe. Judgment for plaintiff was affirmed by the Court of Appeals (7 Ala. App. 162, 60 South. 942), and defendant petitions for a writ of certiorari. Writ denied.

The instrument sued on is as follows: "Selma, Ala., June 8, 1910. $250.00. On or before the 15th day of December, 1910, for value received, I promise to pay to the Siegel Automobile Co., of Selma, Ala., or order, the sum of two hundred and fifty and no/100 dollars. With interest until paid at 8% from date. Payable at Selma National Bank, Selma, Alabama. If this note is not paid at maturity, I also agree to pay all expenses, including reasonable attorney's fee, incurred in collecting by suit or otherwise. It is expressly agreed that the title to the Ford Model T. touring car No. 26018 for which this note is given is and shall remain in the

[Ex parte Bledsoe.]

Siegel Automobile Co., until said automobile is paid for in full. If default is made in payment of this note, then said company may at its option take possession of said automobile and sell same at public or private sale without notice, and I hereby agree to pay any balance remaining unpaid after net proceeds are applied. Should said property for which this note is given be lost, burned or otherwise destroyed before payment of this note, I nevertheless promise to pay same. If this note remains unpaid for fifteen days after maturity, all of the series of notes given for said automobile shall, at option of said company, become due and payable immediately; time is of the essence of this contract. All homestead and other exemptions of this state or the United States are hereby expressly waived. The indorsers, sureties and guarantors severally waive presentment for payment, protest, notice of nonpayment and diligence. Given under my hand and seal.

H. T. Bledsoe. [Seal.]"

R. B. Evins, for appellant. The note is governed by the new negotiable instrument law, and its stipulation retaining title, waiving exemption, and agreeing to pay cost of collection has the effect of rendering it non-negotiable.—*Holliday v. Hoffman,* 116 Pac. 239. There being an entire departure from the law as formerly written, the cases construing the former law should not be considered, but the court should look to the construction of a similar law by the courts of other jurisdiction. Therefore, see 70 N. W. 838; 65 Fed. 58; 50 S. E. 554. By a retention of title, the purchasers were put on notice of probable equities that might arise out of said implied warranties.—*Lomax v. LeGrand,* 60 Ala. 537; *Warren v. Burnett,* 83 Ala. 212; 38 S. E. 387. The plea of no intention to deliver the note presented a

good defense.—*Hopper v. Eiland,* 21 Ala. 715. The instrument was so altered as to destroy it.—2 N. E. 274.

THOMAS E. KNIGHT, for appellee. The complaint discloses the negotiable character of the note and that it was purchased for value in due course of business before maturity and without notice, and hence, the pleas interposed were no defense.—*1st Nat. Bank v. Schwarz,* 98 Ala. 602; *Montgomery v. Crossthwait,* 90 Ala. 136; Acts 1909, p. 124; 63 N. Y. Supp. 410; 22 Hun. 354. The stipulation did not destroy its negotiability.—*McGhee v. I. & T. N. Bank,* 93 Ala. 192. The plaintiff's replication to the pleas setting up alteration was sufficient.—*Woodall v. Peoples Bank,* 153 Ala. 575; Authorities supra. The burden was on defendant to show notice.—*Ross v. Duncan,* 35 Ala. 434.

ANDERSON, J.—The petition questions the soundness of the opinion of the Court of Appeals, wherein it held that the instrument sued upon (which will be set out by the reporter) was negotiable. The opinion of the Court of Appeals in so holding is supported by the Alabama cases there cited.—*First Nat. Bank v. Slaughter,* 98 Ala. 602, 14 South. 545, 39 Am. St. Rep. 88; *Williams v. Flowers,* 90 Ala. 136, 7 South. 439, 24 Am. St. Rep. 772; *Montgomery v. Crossthwait,* 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; *McGhee v. Importers' & Traders' Bank,* 93 Ala. 192, 9 South. 734. Indeed, this is conceded by counsel; but it is insisted that these decisions were rendered before the adoption of the "Uniform Negotiable Instruments Law," as it appears in chapter 115 of the Code of 1907, and that the instrument in question is not negotiable under the terms of said law.

It is suggested that the instrument contains several contracts that are entirely independent of any agree-

ment to pay money in that there "is an agreement that the property, for the purchase price of which the note is given, shall remain the property of the payee until it is fully paid for." There is also the further agreement that, "if the property be destroyed before being paid for, the loss shall be the loss of the maker, and not of the vendor of the property." We do not think that either of these provisions amount to an order to promise to do an act in addition to the payment of money, as prohibited by section 4962 of the Code of 1907. The maker does not thereby assume any burden in addition to paying the note, and the retention of the title does not render the instrument nonnegotiable.—*Chicago Equipment Co. v. Merchants' Nat. Bank*, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349; *Third Nat. Bank of Buffalo v. Spring*, 50 App. Div. 66, 63 N. Y. Supp. 410, and cases there cited. The consent that the loss of the property should not affect the liability to pay the note tended to help rather than detract from its negotiability, as it made the promise to pay unconditional by waiving the right to question the liability because of a loss or destruction of the property before maturity. This was but a waiver of a possible defense that the maker might have to the note in case of the destruction or loss of the property, and was sanctioned by paragraph 3 of section 4962 of the Code of 1907.

Paragraph 5 of section 4959 expressly authorizes the inclusion of the cost of collection or attorney's fees in the note.

Counsel relies upon the case of *Holliday v. Hoffman*, 85 Kan. 71, 116 Pac. 239, 35 L. R. A. (N. S.) 390, Ann. Cas. 1912D, 1, as supporting the contention that the note is not negotiable. The instrument there considered is materially different from the one in hand, as it provided for the delivery by the maker of additional

security upon the demand of and to the satisfaction of the holder, in default of which the note should mature at once, and also provided that, if the security should depreciate and the holder should deem the security insufficient, the maker would, upon demand, deliver to the holder a mortgage upon certain real estate. This clause was pointed out by the court as the most serious objection to the form of the note as a negotiable instrument. It is true that the court, after deciding this question, proceeded to quote from the case of *Killam v. Schoeps*, 26 Kan. 310, 40 Am. Rep. 313, language somewhat contrary to the present holding, but which was not decisive of the question then under consideration, and we do not think that the Kansas court would have pronounced the note in question non-negotiable. But, be that as it may, the present holding is within line with the Supreme Court of the United States and the New York court in dealing with laws similar to chapter 115 of the Code of 1907.

The writ of certiorari must be denied. All the Justices concur, except DOWDELL, C. J., not sitting.