CITY NATIONAL BANK OF HOLYOKE, Respondent, *v.* WILLIAM MENZER, Appellant.

First Department, December 30, 1927.

Bills and notes — action on demand note — defense of payment — note was made by defendant and delivered to storage company against which defendant deposited collateral — cashier of plaintiff bank testified that note came into its possession from another bank and that collateral was not delivered — defendant proved payment to storage company — error to exclude evidence to show disposition of money by storage company and to show custom of merchants.

This is an action on a demand note given by the defendant to a warehouse and cold storage company which was secured by collateral consisting of 375 cases of eggs. The note was transferred by the warehouse company to an agent of the plaintiff who transferred it to the plaintiff. The answer sets up the defense of payment and it is proven that the defendant paid the note to the warehouse company, the last payment having been made three weeks before the plaintiff notified the defendant that it held his note. The cashier of the plaintiff bank testified that at the time the note was received the collateral was not delivered and that he knew the nature of similar transactions and that a storage receipt for merchandise is ordinarily issued by a storage company in connection with the loan and usually accompanies the notes, but that, although the storage receipt did not accompany the note, the plaintiff made no inquiry in reference

to it other than from its own trustee.  The cashier also testified that he knew of the custom to make payments to the storage house as the collateral was withdrawn.

It was error for the court to exclude testimony offered by the defendant tending to show what disposition had been made by the storage company of the money collected from the defendant on the note in question, for that testimony would tend to establish the agency of the storage company on behalf of the plaintiff and thereby prove the defense of payment.

It was also error for the court to exclude testimony offered by the defendant in reference to the custom of merchants in the same line of business relating to notes of a similar character, for that testimony was not offered for the purpose of showing a custom overriding the statute but to prove that because of that custom known to the plaintiff, it should be estopped from denying that the storage company acted as plaintiff's agent in accepting the installments from the defendant.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 4th day of February, 1927.

It was stipulated at the close of the case that the jury be discharged and the motions for judgment be decided by the court.

*William E. Russell* of counsel [*Mark Rudich* with him on the brief; *Charles J. Masone*, attorney], for the appellant.

*T. Fergus Redmond* of counsel [*Olin, Clark & Phelps*, attorneys], for the respondent.

McAvoy, J.  The suit counts on the allegations that on or about the 25th day of September, 1925, the defendant made and delivered to the Eastern States Warehouse and Cold Storage Company his promissory note in writing in the sum of $2,625, payable on demand.  The note states that 375 cases of eggs were deposited with the payee as collateral security for the payment thereof which eggs were identified as lot 589.  The complaint further recites that on or about the date of its execution, the payee indorsed the note and delivered the same to the plaintiff for value; that payment thereof was demanded on or about the 12th day of January, 1926, and no part thereof has been paid.

The answer admits the making of the note; denies upon information and belief the indorsement and delivery of the same to the plaintiff for value, and denies that no part of the note has been paid.

The second defense, and the one relied upon here by the defendant, is to the effect that prior to the commencement of the action the defendant fully paid said note.  The note was received in evidence.  The cashier of the plaintiff bank then testified that the note came into the possession of the plaintiff on October 6, 1925; that the plaintiff received it from the Chicopee National

Bank, acting as trustee for the plaintiff; that the Chicopee National Bank had held the note as collateral security against notes of the storage company, for an indebtedness from the storage company to the plaintiff, amounting to $7,500; that at the time the note was received by the plaintiff, the collateral was not delivered with the note. The cashier further testified that he knew of the nature of these transactions, the borrowing of money against eggs placed in storage with the storage company; that a storage receipt for the merchandise is usually issued by the storage company in connection with the loan; that the storage receipts usually accompanied the notes, and that although the storage receipt did not accompany the note in question, the plaintiff made no inquiry as to what had become of it, other than from the Chicopee National Bank, its own trustee. The cashier also testified that from his experience as cashier of the plaintiff, he knew it was the custom to make payments to the storage house, as the merchandise collateral was withdrawn from storage; that as to this particular storage house, he knew of the custom of the makers of notes paying the notes to the storage company; that the storage company would receive payment on account of these collateral notes and substitute other customers' notes for those that had been paid.

The plaintiff then rested. The defendant moved to dismiss the complaint on the ground that there was no offer to return the collateral either before or at the trial, and that the note in question was a non-negotiable note, and that for that reason the plaintiff was obligated to notify the defendant of change of ownership before payments were made by the defendant to the original payee. The court reserved decision upon this motion to dismiss.

Defendant then attempted to introduce evidence to the effect that there was a general custom in the city of New York to borrow money from storage houses upon demand notes, and placing merchandise in storage as collateral security for the payment thereof, and thereafter paying the loan in installments as the merchandise collateral was withdrawn in installments from time to time; that payment in full would thus be made to the storage house and the note not returned until some time after the note had been paid up. The defendant offered to establish that custom by testimony of a number of merchants engaged in similar lines of business in the city of New York, but the court excluded all testimony offered to establish that custom, to which ruling the defendant excepted.

The defendant did prove, however, by former employees of the storage company and by certain exhibits that the note in question was paid to the storage company in various installments as set out

in the defendant's bill of particulars, the last payment having been made on December 21, 1925, some three weeks before the plaintiff notified the defendant that it held his note. It was also testified to that these payments to the storage company, on account of the note in suit, were deposited to the account of the storage company in two banks, but the offer to show that payment was made out of these funds of the storage company to this plaintiff, for collections made by the storage company from time to time on account of collateral notes outstanding, was excluded.

The learned trial court also declined, over exceptions, to permit the defendant to answer the question as to whether he had received any notice from the plaintiff that the note in question was held by the Chicopee National Bank for the plaintiff, or whether the defendant had received any notice from the plaintiff prior to the first payment to the storage company on account of the note, to the effect that he should not make any payment to the storage company, or whether he knew that either the plaintiff or the Chicopee National Bank, its trustee, claimed to have the right to hold the note as collateral, or in payment of any indebtedness by the storage company.

We think that the learned trial court erred in excluding the testimony offered by the defendant, tending to show what disposition had been made by the storage company of the money collected from the defendant on the note in question. Such proof would tend to establish the agency of the storage company on behalf of the plaintiff, and establish the defense of payment set up in the answer.

The learned trial court also erred in excluding the testimony offered by the defendant with respect to the custom of merchants in the same line of business who usually dealt with notes of this character as the defendant had done with the note in suit. This testimony was offered not with the intent of showing a custom overriding the provisions of the Negotiable Instruments Law, but for the purpose of showing that because of that custom, known to the plaintiff, it should be estopped from denying that the storage company acted as the plaintiff's agent in accepting the installments from the defendant.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.