FIRST NATIONAL BANK OF BRIDGEPORT, CONNECTICUT, Respondent, *v.* NATHAN BLACKMAN and Another, Doing Business under the Firm Name and Style of NATHAN BLACKMAN AND COMPANY, Appellants.

First Department, March 23, 1928.

Bills and notes — payment — notes payable to warehouse company secured by warehouse receipts for eggs — notes were negotiable — notes were transferred to plaintiff as security for loan to warehouse company — evidence admissible to show general custom of maker to pay warehouse company without presentation of notes — not necessary to show plaintiff knew of general custom of trade.

The notes in suit were made by the defendant payable to a warehouse company and were given for a loan to the defendant. The notes, which were secured by warehouse receipts for eggs deposited by the defendant with the warehouse company, were negotiable notwithstanding the holder had the additional right to look to the collateral for payment. The warehouse company transferred the notes to the plaintiff as security for a loan from the plaintiff to the warehouse company. As the defendant withdrew the eggs from storage he paid the proportionate amount to the warehouse company without the notes being presented and he pleads that payment in this action.

It was error for the court to refuse to permit the defendant to show the existence of a general custom of the trade that the maker had the right to make the payment to the warehouse company, and that such payment could be made without the presentation of the notes. The custom, if shown to exist, would estop the plaintiff from claiming that the warehouse company was not its agent to receive payment.

It was not necessary to show that this general custom was brought to the attention of the plaintiff.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 13th day of April, 1927.

First Department, March, 1928.          [Vol. 223

*William E. Russell* of counsel [*Jonah J. Goldstein, Thomas G. Frost* and *Joseph W. Ferris* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellants.

*Robert J. Sykes* of counsel [*Paul Bonynge* with him on the brief; *Bonynge & Barker*, attorneys], for the respondent.

FINCH, J. This is an action upon four promissory notes brought by an indorsee against the makers. The main defense is that payment has been made to the original payee of the notes. No serious question is raised but that such payment was in fact made and the vital question presented, therefore, is whether this payment is valid as against the plaintiff, the subsequent holder of the notes. The learned court at Trial Term directed a verdict for the plaintiff for the amount of the notes and the defendants appeal.

The defendants are merchants engaged in the egg trade in New York city; plaintiff, a National bank in Bridgeport, Conn. Defendants stored cases of eggs with a warehouse company, with its principal office in Springfield, Mass., maintaining also a warehouse in Jersey City. Defendants at the time of storage obtained loans from the warehouse company, for which the defendants gave the four promissory notes in suit, each secured by warehouse receipts given when the goods were stored. The warehouse company, for the purpose of refinancing itself, borrowed of plaintiff $25,000 and in turn gave its promissory note for that amount, and secured said note with receivables of the warehouse company, including the four notes sued upon herein. The method of doing business of the warehouse company was to deposit the customers' notes, which served as collateral, not with the plaintiff bank, but with the Chicopee National Bank of Springfield, Mass., acting as trustee for the plaintiff, for the purpose of facilitating the release of merchandise securing the notes, and the exchange of notes. The Chicopee National Bank gave to the plaintiff a trust receipt reading:

" These notes and collateral security are held for your account and risk, as collateral to a note of the Eastern States Warehouse & Cold Storage Company, numbered 90, dated July 8th, 1925, due November 8th, 1925, amount $25,000.00, with the understanding that we may exchange same from time to time for other notes and warehouse receipts, provided that such notes at all times aggregate in face value the amount of said note of the Eastern States Warehouse & Cold Storage Company.

" CHICOPEE NATIONAL BANK,
" L. W. WHITE, *Vice-Pres.*"

In the fall of 1925 the finances of the warehouse company became involved. A creditors' committee was appointed. The plaintiff

demanded payment from the defendants of the notes in suit.    The defendants refused upon the ground that payment already had been made to the warehouse company.    The plaintiff thereupon instituted this action on the notes, resulting in the judgment appealed from.

The appellants first urge that the notes sued upon are not negotiable.    In view of the previous holding of this court in connection with a similar note (*City National Bank of Holyoke* v. *Menzer*, 222 App. Div. 233) suffice it to say on this question of negotiability that what the parties have done in the case at bar is to create negotiable instruments in the form prescribed for promissory notes and, in addition, the right to rely also upon warehouse receipts.    These latter rights, however, are entirely at the option of those seeking to avail themselves thereof and are given in addition to and not in limitation or derogation of the absolute promise to pay contained in the promissory notes.    (*Third National Bank* v. *Bowman-Spring*, 50 App. Div. 66.)

The notes being negotiable, the plaintiff bank would not be bound by the payment to the warehouse company unless the defendants could establish the fact that authority had been granted, either expressly or impliedly, by the plaintiff to the warehouse company to receive payment in its behalf.    To this end, the defendants offered to prove that there was a custom of the trade in the cold storage and warehouse business of depositing merchandise collateral with the warehouse companies, the obtaining of loans from the warehouse company, the payment of those loans to the warehouse company, and the withdrawal of a proportionate share of the collateral at the time of a corresponding payment.    The learned trial court ruled out this offer of the defendants.    The defendants should have been permitted to adduce proof of such trade custom.    Assuming the defendants to have proved that it was an essential element of the warehouse business that those storing merchandise and obtaining loans thereon should be permitted to obtain the release of portions of the goods stored upon making proportionate partial payments to the warehouse of notes given in connection with such loans, without the production by the warehouse company of the notes; that such method was employed because it was impractical for the merchants to seek out those to whom the warehouse company had negotiated the notes for the purpose of making payments; that banks loaning money to warehouse companies upon such collateral were accustomed to rely upon the warehouse company to receive such payments and make proper substitution of new collateral as required by agreements between the banks and the warehouse company,

and that such practice was general and universal in the trade, the plaintiff would in that event be bound by the payment to the warehouse company. The proof of such usage or trade custom would not be for the purpose of overriding the Negotiable Instruments Law, but for the purpose of estopping the plaintiff from denying that the warehouse company accepted payment from the defendants with the express or implied consent of the plaintiff. (*City National Bank of Holyoke* v. *Menzer, supra.*) It is no answer to say that the defendants did not offer to bring home to the plaintiff actual knowledge of such a trade custom. Where a particular usage of trade is notorious, universal and well established in such trade, knowledge thereof will be presumed. (*Fowler* v. *Brantly,* 39 U. S. [14 Pet.] 318, 320; *Robertson* v. *N. S. Co.,* 139 N. Y. 416, 420, 421.)

There also is raised a question with reference to the right of the defendants to show fraud in the inception of one of the notes in suit, thus casting the burden upon the plaintiff to show that it was a purchaser for value without notice. The chief reliance of the plaintiff to avoid this burden, however, is upon an alleged concession of the defendants upon this trial. It, therefore, becomes unnecessary to consider the question upon this appeal.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellants to abide the event.