# Richmond.

## D. B. GARRETT v. INTERNATIONAL MOTOR TRUCK AGENCY, INCORPORATED, OF WASHINGTON, D. C.

October 30, 1928.

Holt, J., having taken his seat on the Supreme Court of Appeals did not sit in this case.

The opinion states the case.

*H. A. Shockey*, for the plaintiff in error.

*George B. Robey* and *F. S. McCandlish*, for the defendant in error.

CRUMP, P., delivered the opinion of the court.

The defendant in error, International Motor Truck Agency, Incorporated, instituted its action by motion for judgment against the appellee, D. B. Garrett, upon a promissory note for $450.00. A copy of the note is attached to the notice of motion, and reads as follows:

"$450.00.　Town　of　Falls　Church,　State　Virginia
　　　　　　　　　　　　　　　"Date November 10, 1926.
　　　　　　　　　　"Address......................
"For value received, on or before February 10, 1927, I, or we, or either of us.............Promise to pay to the order of International Motor Truck Agency, Incorporated, Washington, D. C. Four Hundred Fifty Dollars.................Dollars payable at .............with interest until paid at six per cent from date, together with costs of collection, including ten per cent attorney fees in case payment shall not be made at maturity.

"It is expressly agreed that the title of the.......... machine, for which this note is given, shall not pass from International Motor Truck Agency, Incorporated, of Washington, D. C., until this note and all other notes given for the purchase price of said machine, or any judgment, entered therefor shall be paid in full

If default is made in the payment of any note, or if the machine is levied upon, or the undersigned attempts to sell or remove the same, then said Company may declare all notes due, and also may take possession of said machine and sell it at private or public sale. In consideration of the use of said machine, I hereby agree to pay any balance of said note or notes remaining unpaid after net proceeds are applied thereon.

"I hereby authorize any justice of the peace, attorney at law, or clerk of any court of record within the State of Maryland or elsewhere, to enter judgment on this note without process against me in favor of the payee, its successors and assigns, at any time after maturity for the amount then due hereunder, and I hereby release all errors in any such judgment and in the execution to be issued thereon and waive stay of execution, right of appeal and all benefits of exemption laws.

"The endorsers, sureties and guarantors severally waive presentment for payment, protest, notice of non-payment and diligence.

"(Signed)   W. T. Roberts (Seal).

"No._____ Witness to Signature.

"_____

"(*Endorsement on back of Note.*)

"For value received, I hereby guarantee the payment of the within note or any renewals or extension thereof, and I hereby waive presentment, demand, notice of non-payment and diligence.

"Witness my hand and seal:

"(Signed)   D. B. Garrett (Seal)."

As appears upon the face of the note and its endorsement, W. T. Roberts was maker of the note and D. B. Garrett was guarantor. Roberts was a party to the notice of motion, but no service was had upon

him, and, therefore, the proceeding was against the appellant as sole defendant. Upon the trial both parties waived a jury and submitted all matters of law and fact to the court. The plaintiff introduced the note as rested. The defendant objected to the introduction and consideration of the note, upon the ground that this instrument in writing produced by the plaintiff was a contract in writing, coming within the provisions of the Virginia statute now carried into the 1924 edition of the Code of Virginia as section 5562-A. This statute has for its object to require that in a certain class of written contracts the conditions and stipulations shall be in type not less than the size known as ten point. No further evidence was introduced and the sole question is whether that statute applies to the paper sued on here.

The assignments of error are as follows:

"1. That the said judgment is erroneous because said judgment is based on an instrument which is a conditional bill of sale contract and printed in type of less than what is known as ten point, for the sale and future delivery of an International Motor Truck, and that said contract was printed on a form furnished by the appellee and that the provisions and covenants of such contract are not clearly and plainly printed as required by section 5562-A of the Code of laws of the State of Virginia, 1924, and to the introduction of said instrument in evidence, the defendant by counsel objected, but the court overruled said objection and admitted said instrument in evidence.

"2. That said judgment is erroneous because it is based on a contract which is not binding on the purchaser, therefore, it is not binding on the defendant, D. B. Garrett, who is an accommodation guarantor for W. T. Roberts, the purchaser, and not admissible in evidence."

These two assignments both raise only the question above mentioned.

Whether or not the paper writing in question here is in any manner affected by the statute referred to, even if that statute be considered as applicable to a writing of that character, is very doubtful under the views of the statute presented in such cases as *Piedmont, etc., Co.* v. *Buchanan*, 146 Va. 617, 131 S. E. 793, and *Hogue-Kellog Company* v. *Webster Canning Company* (C. C. A.), 22 Fed. (2d) 384.

■ The primary question, however, to be decided here is whether this writing is a mere promise to pay money, and not a contract between the corporation and Roberts for the sale and future delivery of personal property. A careful reading of the entire instrument leads to the conclusion that it was not the intention of the parties by that note to make a contract of sale between them. On the contrary, it is evident that the parties were simply executing between them a writing by which Roberts agreed to pay a certain sum of money, and the reference to the sale is a mere incident. There was no pleading to the notice of motion, other than a simple denial that the amount claimed was due. It might have been plead and shown that there was a complete failure of consideration, because no sale had been made and no machine delivered, and, so, no right accrued to demand the money. No issue of this sort, however, is made and no question connected therewith was before the trial court. The mere fact that the note promising to pay was in particular type is no defense.

The note is a negotiable instrument and, being such, it could not well have been within the contemplation of the parties that it should be regarded otherwise than as a mere promise to pay money. In the case of

*Ex Parte Bledsoe*, 180 Ala. 586, 61 So. 813, an instrument was sued on practically identical with the note in this case. The court held; following the general current of authorities, that the note was negotiable and the retention of title and other conditions did not change that feature of the transaction. It is quite manifest that there was, as usual in cases of this character, a conditional sales' contract executed between the Motor Truck Agency and Roberts and that the incidental conditions appended to the note imply a reference to that contract. The sales' contract was not in evidence, and whether or not any of its provisions were in violation of the statute, and, if so, whether such violation affected the validity of the note, are matters of speculation which need not be considered.

It is now generally held that a note of the character sued on here is in its essence solely a negotiable note and may be sued upon as such.

From the brief facts submitted to the learned judge of the trial court, we see no error in his ruling, and, therefore, the judgment will be affirmed.

*Judgment affirmed.*