DORBECKER *v.* BRANDT C. DOWNEY COMPANY ET AL.

[No. 13,133.   Filed November 1, 1928.   Rehearing denied February 13, 1929.]

*Lester C. Morris* and *Walter G. Todd,* for appellant.
*L. R. Zapf,* for appellees.

ENLOE, P. J.—This action was commenced by the appellee Brandt C. Downey Company filing a complaint against the appellant, wherein it sought judgment upon a promissory note, of which it was the holder, and which note was made an exhibit to the complaint. The complaint was answered by general denial, and also answers of no consideration, and of knowledge of defense to said note by said Downey company, at the time it purchased the same from Hobson-Hall Distributing Corporation, the payee named therein. Appellant also filed a cross-complaint, naming as defendants thereto the said Downey company and said Hobson-Hall Distributing Corporation. The issues were closed and the cause submitted to a jury for trial, which resulted in a verdict in favor of said Downey company on its complaint against appellant, and in the sum of $140 and attorneys fees, and in favor of appellant and against said Hobson-Hall Distributing Corporation in the sum of $400. From this judgment, this appeal is prosecuted, and the questions presented are those hereinafter considered.

Appellant filed a motion to make the complaint more specific, which motion was overruled, and this action is presented as error. It appears from the record that the appellant on March 5, 1926, purchased from the appellee Hobson-Hall Distributing Corporation one Vapor-Heat Oil Burner, two, #1 Units, at and for the sum and price of $175; that said property

was purchased under a lease, or conditional sales contract; that the price to be paid therefor was $175, of which, the sum of $35 was to be and was paid cash in hand; that a note was executed for the remainder of the purchase price—$140—payable in four equal installments, payable on the tenth day of April, May, June and July next following, with interest at the rate of eight per cent. after maturity, and attorney fees; that said note provided that if any installment thereof was not paid at the time specified, the entire amount of said note should, at the option of the holder thereof, become due and collectible without relief. The note also contained the following recitation, viz.: "This note covers deferred installments under a conditional sale contract made this day between the payee and maker thereof." Based upon this latter clause, appellant moved to make the said complaint more specific by "alleging and setting forth the conditional sale contract" referred to in Exhibit A, said exhibit being the note above referred to, and being the note in suit. The court did not err in said ruling. The said note and the said sale contract were each complete in and of themselves. There was no interdependence, and the fact that the note, by way of recitation, mentioned the sales contract, did not make said sales contract a part thereof.

The appellant also demurred to said complaint, and this demurrer was based upon the same ground as said motion, namely: that said sales contract was a part of said entire contract, the same consisting of both said note and said sales contract, and that, therefore, it also should have been set out as a part of said complaint. We conclude that, as said contracts were each separate and entire, there is no merit in this contention.

At the conclusion of the evidence, the court instructed the jury to return a verdict in favor of the Brandt C.

Downey Company, and this action of the court ██ is also assigned as error. The testimony shows, without contradiction or dispute, that said Downey company became the owner and holder of said note, for value, within a day or so after the same was executed; that the Downey company was engaged, as a part of its business, in buying and selling commercial paper; that there was no connection between the Downey company and the Hobson-Hall corporation; that the Downey company, at the time it purchased said note had no knowledge of any complaint or contention on the part of appellant, as to said article purchased, or as to any statement or representations made to her by said Hobson-Hall corporation. The note in suit was negotiable and, under the undisputed evidence, the Downey company was entitled to a verdict and judgment thereon, and the court did not err in giving said instruction.

There is testimony in this record showing that said oil burner did not do the work it was represented as doing, and that, as a result thereof, the appellant █ suffered damage, but that fact did not, in this case, entitle the appellant to any judgment against the appellee Downey company, and there was no error in refusing to give appellant requested instruction.

All other contentions of appellant rest upon the assumption that the said note was not a negotiable instrument, and that, therefore, the holder thereof was not protected. We have already held that said note was negotiable and this holding disposes of all these contentions.

We find no error. Affirmed.