BERRY *v.* BRANDT C. DOWNEY COMPANY ET AL.

[No. 13,476. Filed July 6, 1929.]

*Doan & Mathews,* for appellant.
*L. Roy Zapf,* for appellees.

McMAHAN, C. J.—This is an action by the Brandt C. Downey Company against appellant and the French-Imes Sales Company to recover a balance due on a promissory note whereby appellant, under date of August 2, 1926, promised to pay the sales company $153 in monthly installments, the note having been, before maturity, assigned to appellee for value. Appellant, by her answer, admits the execution of the note, that the payee later indorsed and delivered it to appellee, that the note was given for balance due on the purchase price of an oil burner under a conditional-sales contract, and alleges that appellee was in the habit of buying and dis-

counting notes taken by the sales company for such burners. A copy of such conditional contract of sale and of the assignment thereof to appellee is made a part of the answer. It is also alleged that the burner, for which the note was given, was of no value and would not do the work for which it was intended; that appellant notified the sales company and appellee to remove the burner from her premises, which they refused to do; that the sales company, when it sold the burner, knew it was worthless and would not perform the work for which it was sold, but that, the sales company, with knowledge of such facts, falsely represented to appellant that the burner would do the work for which it was designed; and that, relying on such statement, she signed the note; and that appellee had knowledge of all of the conditions of such contract. A demurrer was sustained to this answer, and appellant refusing to plead further, judgment was rendered on the pleadings for the balance due on the note; hence this appeal.

The note in question is an ordinary installment note, and contains the following statement: "This note covers deferred installments under a conditional sale contract made this day between the payee and the maker thereof."

Appellant contends the above statement renders the note nonnegotiable and that the court for that reason erred in sustaining the demurrer to his answer.

Section 3 of the Negotiable Instrument Act, §11362 Burns 1926, provides that an unqualified promise to pay is unconditional within the meaning of the act though coupled with "a statement of the transaction which gives rise to the instrument." And a similar statement was held not to render a note nonnegotiable. *Dorbecker* v. *Brandt C. Downey Co.* (1928), 88 Ind. App. 557, 163 N. E. 535. To the same effect see, *Ex parte Blendsoe* (1913), 180 Ala. 586, 61 So. 813;

*Welch* v. *Owensby* (1918), 73 Okla. 212, 175 Pac. 746; *Choate* v. *Stevens* (1897), 116 Mich. 28, 74 N. W. 289, 43 L. R. A. 277; *Hubbard* v. *Wallace Co.* (1926), 201 Iowa 1143, 1148, 208 N. W. 730, 45 A. L. R. 1065. A recital in a note that it is secured by a mortgage or a trust deed does not destroy its negotiability. *Zollman* v. *Jackson Trust & Sav. Bank* (1909), 238 Ill. 290, 87 N. E. 297, 32 L. R. A. (N. S.) 858; *Dumas* v. *Peoples' Bank* (1906), 146 Ala. 226, 40 So. 964.

Appellant also contends that the answer is sufficient to withstand a demurrer, for the reason that appellee had knowledge that the burner was worthless and had no value. This contention is made to support the answer as one pleading want of consideration. The answer, however, fails to allege that appellee had any knowledge that the burner for which the note was given was of no value. The note being negotiable under the statute, it follows that the answer was bad and that the demurrer thereto was properly sustained.

Judgment affirmed.